## KEAN v. LANDRUM.

1. EVIDENCE—TRANSACTIONS WITH DECEDENT.—Conversations between the agent of plaintiff and the testator of defendant, executrix, are not incompetent under section 400 of the Code.

2. PRINCIPAL AND AGENT—EVIDENCE—PAROL.—An agency to buy land may be shown by parol by agent.

3. IBID.—IBID.—In this case the written power of attorney authorizing the agent to make contracts and conduct milling operations for his principal tends to show the contract in question was not for benefit of the agent.

4. EVIDENCE—TIMBER.—Issue being value of timber cut from a tract of land, a witness who owns an adjoining tract of land may give his opinion as to the value of timber on his own land after stating that his timber was about the same as that in question, and the price for which his was sold, and the other facts upon which his opinion was based.

5. IBID.—TRANSACTIONS WITH DECEDENT.—DECLARATIONS of testator that if she made settlement with A. it would enure to benefit of B. is competent to support the allegation that B. was party in interest in the transaction.

6. MORTGAGES.—If A. buys land of B. for C. and takes a deed from B., giving B. a mortgage for purchase money, puts C. in possession under agreement to convey on payment of purchase money, and upon payment refuses to convey, A. cannot be considered as sustaining to C. relation of mortgagee.

7. DEMAND—SPECIFIC PERFORMANCE.—Vendee of land need not demand title of executor after demand and refusal of testator before commencing action against executor for money paid on contract.

8. NONSUIT—CONTRACT.—Here the allegations and evidence were sufficient to sustain a verdict for damages for breach of contract and nonsuit properly refused, even if facts did not warrant a verdict for the specific sums paid on the contract.

9. CHARGE.—Stating a legal conclusion which would result if the jury find certain facts is not a charge on the facts.

10. DAMAGES—CONTRACTS—REAL PROPERTY.—Where A. buys land for B. at his instance, under contract to convey upon payment of purchase money paid by A., and A. breaches the contract by refusal to convey without fraud, the measure of damages to B. is not the money paid for the land less the value B. had taken from it, but the actual value at the time of tender and refusal of title and interest from that date, less any depreciation subsequent thereto due to B.'s action.

11. CONTRACTS—SPECIFIC PERFORMANCE.—That a vendee should return the consideration of a contract before demanding of vendor money paid thereon does not apply in strictness where vendee is not in a position without fault of his own to restore what he has received by the contract, but he may offer to allow credit for the value he cannot restore. Should this offer be made *in all instances before suit?*

12. IBID.—MONEY HAD AND RETURNED.—If in paying amount due on a purchase of land too much be paid, purchaser, on breach of contract, may recover such amount with interest, in addition to damages for breach of contract.

Before PURDY, J., Edgefield, November term, 1904. Reversed.

Action by May Belle Kean against Elizabeth R. Landrum *et al.*, as executrices of Emily G. Budwell. From Circuit judgment, defendants appeal.

*Messrs. J. Wm. Thurmond, E. H. Folk, Croft & Tillman, Thompson & Wells* and *J. W. DeVore,* for appellants.

*Messrs. Thurmond, Folk, Croft & Tillman,* cite: *As to nonsuit:* 69 S. C., 545; 15 Cyc., 253; McM. Eq., 12; 21 S. C., 400; 3 Ency., 912, 931; 1 S. E., 852; 18 Law. Ed. (U. S.), 739; 23 Law. Ed. (U. S.), 802; 4 Blackf., 515; 21 S. C., 461; 28 S. C., 62. *Party receiving benefits under contract should return them before suit commenced:* 56 S. C., 511; 58 S. C., 488; 30 L. R. A., 44; 10 Ohio, 142; 102 U. S., 79; 1 Met., 547; 15 Mass., 39; 20 Ark., 438; 5 East., 449; 13 Ill., 610; 24 Ency., 6 ed., 623; 3 Ency., 1 ed., 889, 890; 62 N. W., 1131. *Defendants not liable for amount not received by testator:* 71 S. C., 127.

*Mr. DeVore* cites: *Testimony of Bell incompetent, under sec. 400:* 3 S. C., 426. *As to charge on facts:* 68 S. C., 153. *Before party can rescind a contract he must restore or be in position to restore property in question:* 109 Ia., 128; 26 Ill., 441; 56 Ill., 241; 11 Ia., 198; 10 Ohio, 142; 51 Ia., 68; 9 Ind., 8; 15 Mass., 319; 15 Cal., 430; 20 Ark., 424; 17 Ark., 228; 26 Ark., 309; 8 Black., 215; 4 Black., 515; 27 Miss., 498; 32 Ia., 101; 78 Cal., 389.

*Messrs. Tompkins & Wells,* cite: *This is an equity case and should be ultimately decided by Judge:* 21 S. C., 402; 6 S. C., 209; 9 S. C., 147; 11 S. C., 445; 12 S. C., 53, 97. *Bell had an interest in the transaction and his testimony is incompetent:* 48 Neb., 691; 75 Ga., 246; Code, 1902, 2652. *Mrs. Budwell deed was a mortgage:* 15 Ency., 779*, 783; 7 Cranch, 218; 22 Mich., 377; 17 Ency., 1 ed., 463; 21 S. C., 400; 17 Ency., 1 ed., 464; 52 N. Y., 251; 46 N. Y., 627; 42 Barb., 390; 23 Fla., 379; 5 Ency., 1 ed., 511; 23 S. C.,

235; 13 Rich. Eq., 222; 20 S. E., 59; 1 Jones on Mtgs., 168. *After contract is complete it cannot be rescinded:* 67 S. C., 456; 3 Ency., 923; 2 Marsh., 427; 20 Barb., 429; 10 Q. B., 564.

*Messrs. Hendersons* and *Sheppard Bros.,* contra. *Messrs. Hendersons* cite: *As to transactions with decedent:* 7 S. C., 173; 23 S. C., 438; 37 S. C., 151; 1 Ency., 2 ed., 969; Story on Agency, secs. 79-80. *Nonsuit properly refused:* 70 S. C., 526. *Charge was not on facts:* 55 S. C., 405; 56 S. C., 360; *Latour* v. *Ry.,* 70 S. C. *If party seeking rescision of contract cannot place the other in statuo quo he may permit a set-off:* 24 Ency., 2 ed., 643, 645; 29 Ency., 723; 50 Am. Dec., 679; Chitty on Con., Nos. 602, 623; 2 Warrelle on Vendors, 952; 1 Seig. on Vendors, 7 ed., 300; 70 S. C., 487; 35 S. C., 187; 59 S. C., 86; 119 U. S., 502; 50 N. Y., 670; 64 N. Y., 196; 29 Ency., 652; 2 Sugden, 1039; 11 Am. St. R., 608; 1 Whar. on Con., 285. *Where an executory contract has been breached party may go in equity, or sue at law for damages or return of purchase money:* 7 Law. R. & R., sec. 3467; 21 Ency. P. & P., 398; 22 Ency., 1 ed., 914.

November 2, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The facts in this case were complicated, the evidence contradictory, and the questions submitted to the jury must have been difficult of solution. The foundation of the action was the allegation that Mrs. Emily G. Budwell, defendant's testator, bought for the plaintiff a tract of land from Mrs. Mims, and agreed with plaintiff, through her agent, John M. Bell, to convey the land to her on receiving from plaintiff the money expended in the purchase, with interest; that the purchase money with interest was paid, part to Mrs. Budwell and the remainder to Mrs. Mims on Mrs. Budwell's debt for the land; that Mrs. Budwell nevertheless refused to make title to the plaintiff unless she would pay all debts due to her by plaintiff's agent, John

M. Bell; that upon such refusal plaintiff elected to recover back the money paid with interest rather than seek specific performance of the contract to convey.

The defense was that Mrs. Budwell made no contract with the plaintiff, but bought the land for John M. Bell, altogether as an accommodation to him; that he had not paid the debts due by him to her on account of the purchase money of the land and on other matters; that John M. Bell took possession of the land and by cutting the timber from it, reduced its value to one-third of what it was at the time of the purchase; that even if the plaintiff and not John M. Bell is the real party in interest, she could not recover back the purchase money, because she would be unable to restore the land to the condition it was in before her alleged agent Bell had committed waste to the extent of $4,000 by cutting off the timber. The plaintiff replying, alleged she was ready and willing that the purchase money claimed by her should be reduced by the value of any timber taken from the land by her agent.

Defendant moved to have John M. Bell made a party to the cause, but the motion was refused, and from this decision there was no appeal.

The plaintiff recovered judgment, and the defendants appeal, alleging error in admission of evidence, in refusing a motion for nonsuit, and in the charge to the jury.

The evidence of John M. Bell and Mrs. Clotworthy as to the conversations with Mrs. Budwell was not rendered incompetent by reason of the fact that they were agents of the plaintiff. An agent is no doubt usually partial to his principal, but he is not legally interested in the suit of his principal in the sense that his testimony as to transactions or communications with deceased persons is incompetent, under section 400 of the Code of Procedure. *Sanders* v. *Bagwell*, 37 S. C., 145, 16 S. E., 770. It is competent to prove by parol an agent's authority to make a contract to buy land for his principal, and the testimony of Bell as to conversations with plaintiff tending to prove his authority to buy the land for her was

competent.    The written power of attorney was also competent for the same purpose, because the conferring of authority thereby on Bell by the plaintiff "to make contracts to conduct farming and mill operations for me," tended to indicate that the saw-mill was to be run by Bell, as plaintiff's agent, and not on his own account, as defendant alleged it was.

As the point was not argued, we assume the exception complaining of the introduction of a deed from Bell to the plaintiff is abandoned.    The deed covered entirely different property, and could have no effect whatever on the issues tried in this cause.    Its admission or exclusion, therefore, could not be reversible error.

On the issue of the value of the timber cut from the land, the witness Holland was allowed to give his estimate of the value of timber on his own land; the land from which the plaintiff claims to have had the timber cut, and the land of the witness having been originally in one tract and the timber being in the opinion of the witness of about the same value.    The witness had sold his timber, and gave the price received and all the facts upon which he based his estimate.    The testimony was competent. *Mauldin* v. *Ry. Co.,* 73 S. C., 9.

The objection made to the testimony of John Bell Towill reciting a conversation between Mrs. Budwell and her sister, Mrs. Timmerman, cannot be sustained.    In this conversation, as recited by the witness, Mrs. Timmerman urged her sister to make a settlement with their brother, John M. Bell, saying it would help him in his old age, and the response attributed to Mrs. Budwell, "if I do settle with John, it will not benefit him, that May Bell Keese will be the beneficiary of the settlement," tended to give some support to the allegation that the plaintiff, then Miss Keese, was the party in interest in the transaction between Mrs. Budwell and Bell.

It was submitted, first, on the motion for nonsuit, that "the deed to Mrs. Budwell from Mrs. Mims was only a mort-

gage, being a security for money," and from this the Court was asked to conclude that even if Mrs. Budwell agreed to make a deed to the plaintiff and not to John M. Bell, on the payment of the purchase money, she and the plaintiff stood in the relation of mortgagee and mortgagor, the payment of the purchase money, therefore, entitling her to the land free from the mortgage, but not to a return of the money paid on the mortgage. Under this view, the defendant contends the only remedy of the plaintiff was an action for specific performance to compel the representatives of Mrs. Budwell, the equitable mortgagee, to convey the legal title to the plaintiff, the equitable owner, on payment of the mortgage debt. It is true, Mrs. Budwell stood in the relation of mortgagor to Mrs. Mims, and upon payment of her mortgage could not recover back the purchase money, because Mrs. Mims had already made and she had accepted the title. But the plaintiff never had title to the land, and, therefore, could not execute a mortgage of it. The motion for nonsuit, therefore, could not be granted on the theory that Mrs. Budwell stood in the relation of mortgagee to the plaintiff.

There was evidence of a demand made on Mrs. Budwell for title to the land and of her refusal. This was a breach of her contract, and it was not necessary for the plaintiff to make another demand on her executors after her death. There was no tender of title by the executors, or devisees, or heirs, and, therefore, we do not consider what would have been the effect of such a tender before the action was commenced.

As to the other grounds of the motion for a nonsuit, it is sufficient to say that the allegations of the complaint and the evidence were sufficient to sustain a verdict for damages for breach of contract, even if the facts did not warrant a recovery for the specific sums of money paid on the contract, and hence a nonsuit could not have been granted for a total failure of proof to establish any cause of action alleged in the complaint.

There are numerous exceptions alleging that the Circuit Judge charged the jury with respect to matters of fact. The portions of the charge complained of were nothing more than statements of the legal conclusions which would result if the jury found certain facts alleged in the complaint. This was evidently not charging on the facts.

The most serious question is whether, under the facts of this case, the Circuit Judge was in error in charging that if Mrs. Budwell breached her contract to convey the land, the plaintiff could recover for the money paid on the contract. It is to be borne in mind this is not an action in equity for rescission, which is the converse of specific performance, but an action at law for the recovery of money paid on a contract which it is alleged the defendant refused to carry out. The right to recover money so paid arises from the obligation imposed by law to restore money for which the party who paid it has not received the consideration agreed upon; and is founded on the principle that no one shall be allowed to enrich himself unjustly at the expense of another. This obligation is frequently spoken of as an implied contract. The restoration of the purchase money under the obligation of a quasi or imputed contract because no equivalent has been given, is a very different thing from the damages which the law exacts for breach of contract. The money paid under a contract is sometimes the true measure of damages for its breach, but it is not necessarily so. To illustrate, if one buys land at the instance and request, and for the benefit of another, taking the title to himself merely because he advanced the purchase money, and the land is subsequently greatly enhanced in value, and then, after repayment of the purchase money to him, the holder of the legal title undertakes to benefit himself by retaining the land, it is evident he should pay as damages not the amount of the purchase money repaid to him, but the value of the land. On the other hand, if after such a purchase the land should decrease in value, and the person advancing

the money and taking title should refuse to convey on repayment of the purchase money on account of some other claim set up in good faith by him, which turned out not to be well founded, it is equally evident it would be unjust to fix as damages the purchase money refunded to him, because to do so would be requiring him to be responsible for the bad bargain of the person for whom the purchase was made. So here, if Mrs. Budwell made a contract with the plaintiff and refused to carry it out after the payment of the consideration, it follows she is liable for the damages resulting to the plaintiff. But whether her estate must restore just the sum of money paid out by the plaintiff depends upon the answers to these questions: (1) Was the purchase of the land really her bargain or the bargain of the plaintiff? (2) Was she unjustly enriched at the expense of the plaintiff to the extent of the purchase money? (3) Did the plaintiff restore to her estate that which the plaintiff received from her?

We do not pause to consider whether the plaintiff's evidence made Mrs. Budwell the trustee of a resulting trust in favor of the plaintiff, for whether that was the technical relation or not will make no difference in fixing the measure of plaintiff's recovery if the jury accept her version of the facts of the transaction. Assuming all the plaintiff's evidence to be true, her case was this: Mrs. Budwell advanced part of the purchase money of the land, and assumed obligations for the remainder to Mrs. Mims purely as an accommodation, and at the instance of the plaintiff through her agent, John M. Bell; plaintiff sought the accommodation from Mrs. Budwell, and agreed to buy the land, on the judgment of her agent, John M. Bell, mainly for the timber standing on it; much of the timber turned out to be inferior in quality, and hence the lumber cut from it was, to a large extent, unmerchantable. It is not pretended Mrs. Budwell received for herself from the plaintiff any of the price of the land, or profited by the purchase in any way beyond the land itself; on the contrary, all the purchase money went to Mrs. Mims

at the plaintiff's instance. Obviously, therefore, Mrs. Budwell was not enriched at the expense of the plaintiff to the extent of the purchase money. It is alleged in the complaint that Mrs. Budwell's refusal to make title to the plaintiff was unreasonable in that she demanded that the debts of plaintiff's agent, John M. Bell, should be paid before she parted with the title, but there is no allegation or proof of fraud on her part in withholding the title. In these circumstances nothing can be clearer than that the bargain for the land was the plaintiff's bargain, and if it turned out to be of less value than the money paid for it, the loss should be the plaintiff's, and if more the gain should be hers. If Mrs. Budwell refused to convey she has not taken from the plaintiff the purchase money, for that was paid to another by her or at her instance, but only the land which was bought for her. Under these facts, the conclusion seems obvious that the measure of plaintiff's damage, upon the refusal of Mrs. Budwell to convey, was not the money paid for the land less the value the plaintiff had taken from it, but the actual value of the land at the time she made tender to Mrs. Budwell and demanded title, and interest from that time, less any depreciation of it subsequent thereto due to plaintiff's own action.

It is said in Keener on Quasi-Contracts, 302: "If the plaintiff is in a position to return what he received, it seems equally clear that a defendant should have a right to insist on a return thereof, as a condition of refunding what he has received under the contract in preference to being credited with the value thereof in an action brought to recover the money received by him under the contract. Accordingly, it is held that as a condition of maintaining an action to recover money so paid, the plaintiff must restore to the defendant what he has received under the contract. Thus, in *Miner* v. *Bradley*, the plaintiff, who had bought from the defendant, a cow and a quantity of hay for a gross sum, on refusal of the defendant to deliver the hay, while retaining the cow, brought an action to recover the purchase money. It was held that the return of the cow

to the defendant was a condition precedent to his right to maintain the action." This rule does not apply in strictness, however, when the plaintiff, without any fault of his own, is not in a position to restore what he has received under the contract. In such case, it is sufficient if he offers to allow credit for the value of the thing he is unable to restore. This offer should be made before suit brought, but whether this is in all cases indispensably necessary as a condition precedent to bringing the action for money had and received, we do not now decide, for the reason that we have held on other grounds that this could not be sustained as an action of that character.

We conclude the Circuit Judge was in error in instructing the jury that if Mrs. Budwell refused to carry out her contract to convey, the plaintiff could recover the money paid on the contract, less the value of any timber cut from the land by the plaintiff, and that he should have charged if there was a breach of the contract, as alleged, the recovery should be for the value of the land at the date of the tender and demand for title, with interest from that date, less the subsequent depreciation, if any, due to the action of the plaintiff or her agent.

If $500, or any less amount, in excess of the purchase price agreed on, was paid by mistake to Mrs. Budwell and retained by her, the plaintiff is entitled to recover the sum so paid, with interest, in addition to damages for any breach of the contract alleged to have been made with the plaintiff. There was no error in the charge on this point.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*