8936

COOPER v. RUTLAND.

(82 S. E. 994.)

Vendor and Purchaser.    Purchaser's Right to Recover Moneys Paid.
Forfeiture and Repudiation of Contract.    Evidence.

1. In an action by purchaser, after vendor's repudiation of contract, to recover moneys theretofore paid on it, testimony that vendor had never tendered a deed to purchaser is relevant, tending to show absence of vendor's right to declare forfeiture and to hold purchaser's money.

2. Where the evidence showed a contract for sale of land in fee and free of incumbrances, made August 18, 1911, a portion of purchase money being then paid and balance to be paid on or before October 2d, 1911, and an advance of portion of this balance by the purchaser to vendor at his request a few days after making the contract and before its payment was due, and acceptance of a partial payment on the balance, without objection by vendor, several days after the entire balance had become due, and thereafter, on November 21, 1911, the vendor repudiated the contract and without any previous notice or warning to the purchaser, declared the trade off and the money paid thereon forfeited; and that on December 11th, 1911, the purchaser was ready and willing to comply with the contract, but found three unsatisfied and past due mortgages covering the land, and negotiations by the vendor pending for another mortgage thereon; and that the vendor then declined to furnish the purchaser a clear title, free of incumbrances, unless he would pay more than the stipulated price, it sustained a verdict in favor of the purchaser for recovery of the moneys which he had paid upon the contract before its repudiation by vendor.

3. A vendor cannot declare a forfeiture of his contract for the sale of lands until he has performed his part, or averred and shown a willingness and ability to perform, and has given reasonable notice to the purchaser of such intention in case of the latter's failure to comply with his part of the contract

4. The acceptance of part payment of purchase money on a contract for sale of lands after the time stipulated for payment, is inconsistent with the right on the part of the vendor to declare a for-

Footnote.—As to the ability of vendor to perform being a condition precedent to his enforcement of his right to rescind or declare a forfeiture, see note in 3 L. R. A. (N. S.) 103 and 28 L. R. A. (N. S.) 956. As to right of purchaser to recover purchase money theretofore paid when contract has been repudiated or rescinded by the vendor, see note in 35 L. R. A. (N. S.) 534. As to measure of damages for breach of contract to sell land due to vendor's inability to make title, see note in 2 Am. & Eng. Ann. Cases 634.

feiture without further offer on his part to perform and demand upon purchaser for performance by him.

5. Where a vendor failed to perform and attempted to rescind a contract for the sale of land, there is an implied promise on his part, the purchaser not being in default, to return payments made, which payments can be recovered by an action at law for money received.

6. Under contract for sale of lands it is the duty of vendor to remove outstanding incumbrances and furnish the purchaser a clear title.

Before WILSON, J., Lexington, February, 1913.   Affirmed.

Action by C. C. Cooper against M. E. Rutland.   From a judgment for plaintiff, defendant appeals on the following exceptions:

1. Error in permitting plaintiff to testify that defendant had never offered plaintiff a deed; the error being ‚that before plaintiff could maintain an action for breach of the contract for sale of land, he must show complete performance on his part.

2. Error in refusing to direct a verdict for defendant on the ground that plaintiff should not be permitted to maintain an action for specific performance of an executory contract until he has fully complied with all that the contract requires him to do; or that he has offered to comply.

3. Error in not directing a verdict for defendant on the ground that the remedy of plaintiff is not an action for money had and received for his benefit, but for specific performance of the contract after offer to comply.

4. Error in giving plaintiff's 3d, 4th, 6th and 13th requests as set out in the record for the reason that in an executory contract for the sale of land, neither contracting party has the right to maintain any action thereon until he has fully performed his part of the contract, and the doctrine announced in those requests is inconsistent with this principle.

*Mr. C. M. Efird,* for appellant, submits: *Letter of Nov. 21st should not be construed as a breach of the contract.*

*It was not so treated by the parties, and time was not of the essence of the contract:* 26 Ency., p. 73. *Failure to remove incumbrances before purchaser's offer to comply was no breach of contract:* 72 S. C. 556, 573.

*Mr. D. W. Robinson,* for respondent, cites: *Contract for sale involved agreement to make and tender conveyance, and to remove incumbrances:* 6 Rich. Eq. 332; 16 S. C. 384; 14 Pet. 175; 10 L. Ed. 406. *Vendor could not declare forfeiture of purchaser's rights:* 81 S. E. 425. *Vendee's action for money had and received proper remedy:* 72 S. C. 563; 148 U. S. 352; 37 L. Ed. 478; 2 Smith's Leading Cases 30; 36 L. R. A. (N. S.) 1220; 30 L. R. A. (N. S.) 809; 91 S. C. 288; 65 S. E. 907; 151 N. C. 168; 64 S. E. 958; 109 Va. 688. *Time not of the essence of the contract:* 41 S. C. 161; 6 Rich. Eq. 332; 84 S. C. 186; 9 S. C. 268; 61 U. S. 94; 15 L. Ed. 636; 61 U. S. 520; 15 L. Ed. 1009. *After receiving partial payment made after stipulated date, vendor should have given reasonable notice of his intention to enforce strict compliance in payment of balance due:* 134 U. S. 68; 33 L. Ed. 823; 41 S. C. 161. *Duty to remove incumbrances:* 72 S. E. 628; 6 Rich. Eq. 332. *When vendor repudiates a contract, the vendee need not make tender:* 73 S. E. 134; 89 S. C. 537; 105 N. W. 445; 2 L. R. A. (N. S.) 668. *The contract was never renewed after breach by vendor on Nov. 21, 1911:* 85 S. C. 86, 88; 26 S. C. 610.

September 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff to recover from the defendant money advanced and paid to the defendant on account of the purchase of certain lands, which defendant had contracted to sell plaintiff in fee simple free from incumbrances. The complaint alleged two causes of

action, one for money had and received, and the other setting out contract for purchase of land and payment on account thereof of the sum of $504, and failure of defendant to comply with his contract and furnish to the plaintiff a good title to the land contracted to be sold, and purchased, and an allegation after such failure of a demand on defendant for the return of the money advanced and paid, and a refusal by defendant to do so. The answer raises, as material issues, a denial of indebtedness and denies a failure to furnish good title, and alleges that at all times up to the limit of the contract agreement to comply with the contract for the sale of land as alleged in the complaint, he has been ready and willing to comply with the terms of contract; but that plaintiff refused to comply with the agreement without any fault on the part of defendant; that the title offered by the defendant was a good marketable one, and that the defendant was still willing to comply with the contract and convey said lands to the plaintiff if plaintiff would comply with the terms of the agreement, and add to the contract of agreement the sum of $1,200, which the defendant had expended in making improvements on the premises after plaintiff had failed to comply with his agreement. The cause was heard before his Honor, Judge Wilson, and a jury; and at the close of all the evidence in the case the defendant moved the Court to direct a verdict in his favor upon three grounds. This motion was refused, and the jury found a verdict in favor of plaintiff. After entry of judgment defendant appeals, and by four exceptions raises but one question, and that is: The party to an executory contract cannot maintain an action for damages for breach thereof without showing first on his part that he has performed his part of the contract in full. And alleges error, by the first exception, in admitting evidence tending to show that the defendant had failed to offer the deed to the plaintiff and thereby breached the contract, on the grounds that it was not the duty of defendant to tender

the deed unless the defendant himself desired to sue for specific performance or damages for breach thereof; the other exceptions, while complaining of error on the part of the Circuit Judge in refusing to direct a verdict for the defendant and in charging the jury as he did, raise but the one question heretofore indicated. The evidence offered and admitted, to which exception is taken, that defendant had never tendered a deed to the plaintiff, was competent; the plaintiff had a right to show that the defendant could not declare a forfeiture as to palintiff's rights in the contract and retain what plaintiff had paid him thereon. The evidence in the case shows that the contract was entered into on August 18, 1911. By this contract defendant acknowledged the payment of $5, and the balance of the purchase money was to be paid on or before October 2, 1911, that being the balance of purchase price, $13,500. On this, though not due, in a few days thereafter, the plaintiff, at defendant's request, advanced him thereon $198.96; and on October 4, 1911, two days after the time fixed in the contract for the payment of balance of purchase money, the defendant accepted as payment thereon the sum of $300; on November 21, 1911, without any previous notice of warning, the defendant attempts to declare the trade off and have the plaintiff forfeit what payments he had made thereon. The plaintiff was prepared and willing on December 9, 1911, to comply with the contract in every particular, but found three unsatisfied mortgages on the land, all past due and aggregating in amount $4,390, and negotiations going on for another mortgage of $6,500. There was no provision in the contract whereby the defendant could by his mere declaration and notice to the plaintiff declare it forfeited.

The evidence was competent. The defendant could not, under any circumstances, declare a forfeiture until he had performed his part of the contract or averred and shown a willingness and ability to so do, and

given a reasonable notice to the plaintiff of his intention upon plaintiff's failure to comply with his part. The defendant has claimed the right and attempted to assert the right to retain plaintiff's money paid him on a contract of purchase of land and attempted to terminate a contract which he himself has not offered to perform. The defendant received and accepted without objection a part of the balance of the purchase price two days after the time it was stipulated to be paid. If after this he desired to have the contract performed or terminated, he should within a reasonable time have offered to perform his part or demanded performance of the plaintiff of the contract, and upon a failure to comply, it might be declared waived and done away with for noncompliance and performance. The right of the plaintiff to maintain this action is clear under the authorities of this Court. This is not an action for specific performance, but an action at law by the plaintiff to recover the money which he paid to defendant on contract, which contract the defendant failed to carry out. The law raises a contract to refund to the plaintiff the money paid to the defendant and to place him where he was prior to making of the contract, which was breached by the defendant. Under the contract it was the duty of the defendant to remove all incumbrances on the land contracted to be sold, and to furnish the plaintiff a title clear and free from incumbrances. This he failed to do, and in addition attempted to require plaintiff to pay $1,200 more than the stipulated price. These principles are decided generally in *Prothro* v. *Smith,* 27 S. C. Eq. (6 Rich.) 332; *Coney* v. *Timmons,* 16 S. C. 384; *Kean* v. *Landrum,* 72 S. C. 563, 52 S. E. 421; *Haselden* v. *Hamer,* 97 S. C. 178, 81 S. E. 425; *Hursey* v. *Surles,* 91 S. C. 288, 74 S. E. 618.

The exceptions are overruled. Judgment affirmed.