HEARD NOV. TERM, 1871.

## CARTER *vs.* BROWN.

In August, 1864, A made a verbal agreement with B, to serve him as overseer during the year 1865, for 16 bales of cotton, weighing 400 lbs. each, to be delivered by B to A, on the 1st January, 1866. A performed the agreement, and B refused to deliver. the cotton: *Held*, That, although the agreement was within the Statute of Frauds. A was entitled to recover from B the value of the 16 bales of cotton--the law implying a promise, at the completion of the services, to deliver them according to the terms of the original agreement.

BEFORE THOMAS, J., AT LANCASTER, OCTOBER TERM, 1871.

Assumpsit by Alexander Carter against D. W. Brown.

The plaintiff declared upon a special contract, and alleged that on the 30th August, 1864, the plaintiff agreed with the defendant to serve the latter as his overseer, from the 1st January, 1865, to the 1st January, 1866, and that, in consideration of such services to be performed, the defendant promised to deliver to the plaintiff, on the 1st January, 1866, 16 bales of cotton, weighing 400 pounds each ; that plaintiff faithfully performed the services, and that defendant refused to deliver the cotton. The declaration also contained the common count in *quantum meruit.*

The defence chiefly relied upon was the Statute of Frauds.

The plaintiff gave evidence tending to prove a verbal agreement, made between himself and the defendant, in August, 1864, as alleged in the declaration ; that plaintiff performed the services as overseer of defendant faithfully and well; that defendant refused to deliver the cotton on the completion of the agreement; and that cotton was worth, on the 1st January, 1866, 42 cents per pound.

The presiding Judge charged the jury that the plaintiff could only recover so much as his services were really worth; that the special contract was within the Statute of Frauds, and void, and the jury had no right to consider it as evidence fixing the sum, which defendant was liable for, at the value of 16 bales of cotton at the time of the completion of the services. To these rulings, and others to the same effect, the plaintiff excepted.

The jury found for the plaintiff $1,192.77, and he appealed, on the ground of error in the rulings of the Circuit Judge.

*Kershaw,* for appellant :

The questions made by this appeal are :

1. Is the special agreement void under the Statute of Frauds?

2. Can the special agreement be resorted to by the jury as a measure of damages under the *quantum meruit* counts.

1. Where the verbal contract has been entirely executed by one party, the consideration can be recovered from the other. When a deed of land is given, or goods delivered and accepted, in pursuance of the contract, an action lies to recover the value of the land or goods. And the same where the contract is within the Statute as being not to be performed within a year from the making, but has been fully performed on one side, whether within the year or not; the consideration of the performance, though by the contract not payable until after the expiration of the year, may be recovered by action when the stipulated time comes.—Browne on Stat. Frauds, § 117.

He cites, among other cases, *Donellan* vs. *Read*, 3 B. & Adol., 899, where it is said by the Court (Littledale, J.) : "In case of a parol sale of goods, it often happens that they are not to be paid for in full till after the expiration of a longer period of time than a year, and yet surely the law would not sanction a defence on that ground when the buyer has had the full benefit of the goods on his part."

In New York it has been decided that where, upon a verbal contract to pay for certain services on their being performed by conveying a certain tract of land, the plaintiff having performed the services pursuant to the contract, brought an action for them, the value of the land could be resorted to as a measure of damages.— *Burlinghame* vs. *Burlinghame*, 7 Cowan, 92, 94.

Where the plaintiff had sold and conveyed a tract of land to the defendant, and an action was brought to recover part of the purchase money, the plaintiff was non-suited on the ground that the contract, not being in writing, was void under the Statute of Frauds. On appeal, the Court set aside the non-suit; Nott, J. saying, " after the titles were made and accepted, it was no longer a contract respecting the sale of land. The contract was at an end, and there was nothing left but a promise to pay, in consideration of the land thus actually transferred. If the promise had been in consideration of a verbal promise which had not been executed, it certainly could not have been enforced; but having been made for a consideration actually received, the plaintiff was entitled to recover."— *Wood* vs. *Gee*, 3 McC., 421.

The case of *Gee* vs. *Hicks*, Rich. Eq. Cas., 5, 18, decided in 1831, is the leading case on this subject in our reports, and reviews all the decisions. Judge O'Neall, delivering the opinion of the Court, says:

"This clause of the statute was intended to be applicable to contracts wholly executory, and not intended, on either part, to be performed within a year. In other words, both the consideration and the promise must be executory, and neither to be done or performed within a year. If the consideration is executed at the time of the contract made, or is intended to be, and is performed within a year, or, after the expiration of the year, is entirely executed by one party at the request or by the consent of the other party, then the promise to pay for this performance, cannot be within the statute. The party for whom it is done has waived that protection, and placed himself upon the footing of a debtor for a past and executed consideration."

Again, "the intestate promised to pay, at twenty-one years of age, to Vernon C. Hicks, $3,000, if he would come with him to South Carolina. The removal to this State was what was to be performed by Vernon C. Hicks. It was capable of being, and actually was performed within a year of the time that the contract was made. It was not, therefore, a contract within the statute. If it had originally been, and performance was made at the request or by the consent of the intestate, I should have held that the executory character of the contract was changed, and that it became, on the part of the intestate, *debitum in presenti, solvendum in futuro.*

This case is referred to and approved in *Bates* vs. *Moore*, 2 Bail., 616.

2. The special agreement is evidence to fix the amount the plaintiff was bound to pay at the completion of the services, and that amount was the then value of the 16 bales of cotton.

*Allison*, with whom was *Wylie*, contra:

The specific agreement for sixteen bales, as alleged and proven, is void under the fourth Section of the Statute of Frauds, because it was an agreement *not to be* performed, and which *could not be performed*, on either side, within the space of one year from the making thereof, and it was not in writing, as required by the statute. And the Circuit Judge was correct in so charging the jury.— Browne on Stat. of Frauds, 502, reads as follows: "No action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." The same author, on p. 277, § 273, treating

of the force of the words "*to be performed*," says: "On these words much reasoning has been expended. The result seems to be that the statute does not mean to include an agreement which is not *likely* to be performed, nor yet one which is simply not *expected* to be performed, but that it means to include any agreement which, fairly and reasonably interpreted, does not admit of a valid execution within the space of a year from the making." Same author, p. 285, § 283, says: "Where the manifest intent and understanding of the parties are that the contract shall not be executed within the year, the mere fact that it is possible that the thing agreed to be done may be done within the year, will not prevent the statute from applying."—*Boydell* vs. *Drummond* is, in the same connection, referred to by the same author.

The contract must be capable of entire and complete execution within the year.—*Id.* 287, § 285. It is not enough that it may be commenced, or even nearly completed in that space of time.

A contract for a year's service, to commence at a future day, clearly within the statute.—*Bracegirdle* vs. *Heald*, Browne, § 286.

Same author, after referring to the cases of *Donellan* vs. *Read, Sweet* vs. *Lee, Souch* vs. *Strawbridge*, says, in § 288, p. 289: "That it is a settled law, that a promise to pay money, as much as a promise to do any other act after the expiration of a year, is within the statute." Same author, p. 292, § 291, says, after a review of all the cases: "If the time to be occupied in the performance of the agreement exceeds a year never so little the statute applies." And in support of this doctrine he quotes from Lord Ellenborough: "This enactment (meaning the fourth Section of the statute) extends to all contracts, the complete performance whereof is, of necessity, extended beyond the space of a year; the rule being, that where the agreement distinctly shows upon the face of it that the parties contemplated the performance to extend over a greater space of time than one year, the case is within the statute. Accordingly, the provisions of the statute render a verbal contract void, if it appear to have been the misunderstanding of the parties at the time, that it was not to be completed within a year, although it might be, and was, in fact, in part performed within that period." — Chitty on Contracts, p. 74, marg. 71.

"So an agreement for a year's services, to commence at a subsequent day, being a contract not to be performed within a year from the time of the agreement, must be in writing, and therefore no action can be maintained for the breach of a verbal contract made on

the 27th of May, for a year's services, to commence on the 30th of June following."—Chitty on Contracts, p. 74, marg. 71.

Memorandum must be made at the time of the agreement or some time afterwards and before suit brought; and a memorandum made before the date of the agreement could not be said to be a memorandum of the agreement.—Browne on Statute of Frauds.

But it is insisted that the alleged special agreement is for a past and executed consideration, and therefore not within the Statute. But we cite Browne on the Statute to the contrary, from page 117 to 133 inclusive, Sections from 114 to 128 inclusive:

" Section 117. When a verbal contract is completely executed by one party, the consideration can be recovered from the other, notwithstanding the Statute of Frauds. * * * * But when the consideration is itself a promise such as the Statute requires to be in writing, as if the consideration of a conveyance of land be the parol promise of the grantee to let it back to the grantor for life, then of course the rule does not apply, as the effect would be a plain violation of the Statute, namely, to enforce indirectly that parol promise."

" Section 118. The general rule is, that execution by one party, in whole or in part, does not entitle him to an action at law for damages for the non-performance by the other party."

" One who has rendered services in execution of a verbal contract which, on account of the Statute, cannot be enforced against the other party, can recover the value of the services upon a *quantum meruit.*"

We never have and do not now deny the right of the plaintiff to recover on the *quantum meruit* count of his declaration or implied promise, but affirm that the alleged special agreement is within the Statute and void.

In 1832 it was decided that the 4th Section of the Statute, which requires a contract not to be performed within the year to be in writing, has been held to apply only to cases where the whole contract was executory; and not to cases where it had been performed by one of the parties *within the year.*—*Bates* vs. *Moore*, 2 Bail., 616. Same principle decided in *Gee* vs. *Hicks*, year before—Rich. Eq. Cas., 5.

The *obiter dictum* of O'Neall, in the latter case, viz: " If the agreement in such a case is, after the expiration of a year, entirely performed by one party, at the request or by the consent of the other party, the promise to pay for this performance cannot be within the

Statute," applies not to cases where the consideration itself is such a promise as is required by the Statute to be in writing.

In 1848 it was decided, in construing agreements not to be performed within a year from the making, that agreement " means an agreement not to be performed in the space of one year, and expressly so stipulated. A contingency is not within the Statute—it must appear, *within the agreement*, that it is not to be performed till after the year, to make a note in writing necessary."—*Thompson* vs. *Gordon*, 3 Strob., 199.

In 1851 it was again decided, that "the Section of the Statute which is relied on, extends only to cases where, by the appointment or understanding of the parties, there is not to be complete performance on either side within the year."—*Compton* vs. *Martin*, 5 Rich., 16.

A case in 1859 : " A and B agreed by parol as follows : A agreed to erect a steam saw mill on the land of B, and to manage the same at his own cost, and B agreed to deliver, at the mill, at his cost, all the timber growing on a certain tract of land belonging to B, and they were to divide the profits between them. A erected the mill, and the parties complied with the contract until B's death, and then his administrators refused further to comply : held that the contract was void under the Statute of Frauds."—*Jones* vs. *McMichael*, 12 Rich., 176.

March 29, 1872. The opinion of the Court was delivered by

WILLARD, A. J. If the plaintiff was entitled to recover the contract price agreed upon, either under the special count, or the *indebitatus assumpsit*, then the ruling below was erroneous. The contract was clearly, at its inception, within the Statute of Frauds. It was a contract, on the one hand, for labor and service for the period of a year, to commence at a day subsequent to that of the making of the contract, and on the other side, for payment for such labor and service, in specific personal property, at the termination of such period. As the contract was not in writing, neither party could have enforced it, apart from the effect of complete or practical performance had under it.

The plaintiff has, however, rendered the labor and service intended by the terms of the contract, and now seeks to recover the value of the specific property, which, according to the terms, he ought to have received at the completion of performance on his part.

When labor and service are rendered at the special instance and request of another, the law implies a promise to pay for the same; if there is an express promise to pay, the implication does not arise, for implication only supplies that which is not otherwise evidenced. Where the price is not fixed by agreement a promise is implied to pay what it is reasonably worth. A promise may be implied to pay a particular sum, or to perform a particular act, where, although the parties may have been silent, it is evidenced by attending circumstances, that they had mutually in mind such sum or particular act as the consideration of the performance of such labor or service.

It is to be inferred in the present case, that the performance of what was required by the contract to be done on the part of the plaintiff, was mutually understood, at the time of such performance, to be conditioned on the performance by the defendant of that which he had engaged to do, according to the terms of the contract. Such being the case, a promise is to be implied on the part of the defendant to do that which the contract required him to do.

As this action can be supported upon such implied promise, it is not necessary that the plaintiff should rest his demand upon the original contract, which was affected by the Statute of Frauds.

The objections that may be anticipated to such an implication are: first, that the whole transaction having originated in an express contract, no ground for the implication of an implied contract exists; and, second, that the contract being originally void under the Statute, it cannot be resorted to for the purpose of such collateral proof as is essential to lay the ground work for such an implication.

In order to defeat the implication on the ground that the transaction was within the terms of an express contract, it would be necessary to show that such contract was proper evidence of the intent of the parties; but this is prevented by the operation of the statute, which acts directly upon the value of the contract as · evidence of such intent. As to the second objection, this action, considered a proceeding upon an implied promise, is not based upon the original contract, and therefore is not within the terms of the Statute of Frauds. The statute does not prevent the contract from being looked into, as matter of evidence, for any other purpose than that of supporting an action founded upon it. Again, in looking into the agreement for the purpose of characterizing the implied promise to pay, it is regarded, not as an agreement, but as part of a

transaction between the parties; whatever obligatory force may attach to it, arises out of the subsequent fact of performance, and not upon the assumption that the agreement itself is competent proof of such obligation.

While it is to be regarded as a contract without obligation, it is capable of entering into, and forming part of the transaction connected with it.

It is evident that the promise implied, as arising on the completion of performance, is, in itself, not affected by the Statute of Frauds, for it was a promise of immediate compensation of the kind contemplated by the original agreement.

It will not be necessary to consider whether, under any circumstances, a promise implied by law is within the Statute, although such a proposition would not be without at least indirect support from the adjudicated cases.

It will be found that the grounds of the foregoing conclusions have abundant support in the adjudicated cases. The leading cases will be considered in their bearing on the propositions.

*Gee* vs. *Hicks*, Rich. Eq. Ca., 5, throws important light upon this question. By the agreement in that case an act was to be performed within the year, the pecuniary compensation for which was to be paid after the expiration of such year; the act required was, in fact, performed within the year, and it was held that the contract was not within the Statute.

The conclusion of Judge O'Neall was, that to bring a contract within the Statute, it must appear that neither part was to be performed within the year, and he concludes that if the consideration is executed at the time the contract is made, or is intended to be, and is performed within a year, the contract is not within the Statute. So far, what is said may be regarded as having reference to the validity of the original contract, but what follows clearly applies to a promise implied from the fact of performance. He says: " if a contract, not to be performed within a year, is, after the expiration of the year, entirely executed by one party, at the request or by the consent of the other party, then the promise to pay for this performance cannot be within the Statute." He considers *Maver* vs. *Pyne*, 11 E. C. L., 41, as holding, that there is an implied promise to pay, arising on the delivery of goods, according to a price agreed upon, although that price was fixed by a parol contract not to be performed within a year. It is not necessary now to examine the question, whether all contracts based upon executed con-

siderations are beyond the Statute, that question not being involved in the present case. A case is possible, that may not have been before the mind of the Court, as where one, in consideration of a sum of money, presently paid, agrees to perform some act at a future time, intended to be beyond a year from the agreement. The case that was evidently in the mind of the Court was that of a beneficial act, presently performed, to be compensated for by a pecuniary sum payable after the year, and there is strong ground in the adjudicated cases for the support of such a proposition. *Gee* vs. *Hicks* did not, however, rest upon the propositions advanced, involving the idea of a new promise, either express or implied, arising on performance, and the point must, therefore, be regarded as open.

In *Bates* vs. *Moore,* 2 Bail., 614, the contract was also capable of being performed within the year, payment being only postponed beyond the year.

Although, under the ruling in *Gee* vs. *Hicks,* this contract was originally valid, yet so strong was the impression on the mind of Judge O'Neall, derived from a promise implied from the fact of performance, that he again adverts to that principle. He says, after referring to the fact of performance on the part of plaintiff, " and this created a liablity on the part of the defendant, to pay for them according to the contract."

In *Wood* vs. *McGee,* 3 McC., 421, where there was a parol contract for the sale of land, Judge Nott observed, that where the contract had been executed by the delivery of the title and land, it is no longer a contract relating to land, but a promise to pay the purchase money.

We have reason to believe that the learned Judge, in using this expression, had before his mind the promise implied from the fact of performance, and not the original contract. He cannot be supposed to have affirmed that the contract had changed its character by being in part performed; such a conclusion would be in direct conflict with what was held in *Cocking* vs. *Ward,* 50 E. C. L., 858.

In *Compton* vs. *Martin,* (5 Rich., 14,) it was held that a parol contract, though void under the Statute, would operate so far as to sustain the title of one as lessee for years of a slave under such contract, as against the party delivering the slave. If such a contract can operate to support the title of a lessee under it, it is evident that it can support an implication of a promise to pay purchase money, according to its terms.

In *Jones* vs. *Mitchell,* (12 Rich., 176,) the only question appears

to have been, whether the contract was intended to survive the original parties; no opportunity was, therefore, afforded for the application of the principle now under consideration.

*Donellan* vs. *Read*, (2 B. & Ald., 899,) and *Cherry* vs. *Henning*, (4 Exch., 631,) were both cases in which the contracts were held not to be within the Statute, upon the ground that they were to be performed within the year, although to be compensated for by payments made after the year. Littledale, J., says, in the former of these cases, in reference to the Statute, "and surely the law would not sanction a defence on that ground, where the buyer had the full benefit of the goods on his part." Where the equity and justice are so strong as to form an element in considering the construction of a Statute, they are certainly strong enough to raise a new promise out of the acceptance of the benefits of the contract.

In *Maver* vs. *Pyne*, (11 E. C. L., 104,) Best, J., held that the Statute of Frauds does not operate to prevent a person from being compelled to pay for what he has actually received. The proposition now under consideration is but an artificial mode of expressing this same idea.

*Cockiny* vs. *Ward*, (50 E. C. L., 838,) involves an analogous principle. There, although the contract was void under the Statute, yet the plaintiff was allowed to recover upon an *account stated*, upon the ground of an express promise made after performance. The necessity for an express promise in that case arose out of the fact that the plaintiff claimed to recover upon *account stated*. Had the plaintiff claimed to recover on an implied promise, there is nothing in the case inconsistent with the idea of his recovery.

It will be observed that the last mentioned case seriously questions the proposition, that performance on one side of a contract within the Statute, is to be regarded as so far complete performance of the whole contract, that the Statute will not apply to an action to enforce the other side. If, however, the proposition now under consideration is sound, the discussion of the effect of performance on one side, upon the original contract, will become practically unimportant, for an implied promise springing up in such cases, will always form a new ground of right in the party who has actually performed.

*Lockwood* vs. *Barnes*, 3 Hill, N. Y., 128, sustains the right of a party to recover on a *quantum meruit* who has rendered service under a contract void under the Statute. If the law finds a consideration adequate to raise a promise to pay on a *quantum meruit* it will

# SUPREME COURT.

certainly go a step farther, and enquire whether that consideration was affected by either an express or tacit understanding as to the measures by which it was to be compensated.

It is clear, on the authorities, that the proposition under consideration is in harmony with all the decisions, and affords a means of reconciling what little want of argument appears among them on this subject. It is certain that all these cases have been greatly influenced by the manifest injustice of allowing a party, after having obtained the advantage of a contract, to fly to a Statute, intended to prevent frauds, for impunity in refusing performance of his corresponding obligation. It is fortunate that a principle presents itself, by which this injustice may be avoided, without putting forced and unnatural constructions upon the language of the Statute.

The rulings were erroneous in excluding the plaintiff from recovering, according to the terms of the original contract, under a promise evidenced by the fact of performance by the plaintiff, accepted by the defendant.

There should be a new trial.

*Moses,* C. J., and *Wright,* A. J., concurred.