12344.  HESTERLEE *et al. v.* HESTERLEE.

1. Any contract for the sale of lands, or any interest in, or concerning
   them, to be binding, must be in writing, unless there has been perform-
   ance on one side, accepted by the other in accordance with the contract,
   or unless there has been such part performance of the contract as would
   render it a fraud of the party refusing to comply, if the court did not
   compel a performance.  Civil Code (1910), § 3222 (4), § 3223 (2, 3).
2. " Mere non-action is not performance, either partial or complete, and
   will not, therefore, take a parol contract out of the statute of frauds."
   *Augusta Southern Railroad Co. v. Smith & Kilby Co.,* 106 *Ga.* 864
   (2) (33 S. E. 864).

DECIDED JUNE 14, 1921.

Complaint; from city court of Carrollton — Judge Hood.
March 16, 1921.

The petition as amended made the following case.  The defend-
ant and the plaintiffs were the only heirs at law of their father,
M. S. Hesterlee.  Their father sold to the defendant forty acres
of land, the lines of which had not been staked off.  The land was
staked off after the death of their father, and by agreement J. D.
Hesterlee acted as agent for all the parties in winding up the
decedent's estate.  After the land was staked off it was found
that the defendant had seven and one fourth acres more of land
than his deed called for or than he bought, and he entered into·
an agreement with J. D. Hesterlee that if the latter would sell
the other land of their father and let him (the defendant) keep
the seven and one fourth acres he would pay to the other heirs,
the same amount per acre for the seven and one fourth acres that
the other land of their father brought at public sale.  In making
this agreement J. D. Hesterlee was acting for all the heirs of the
estate, including himself and the defendant.  The defendant
agreed to and consented to abide by this agreement, and did not
sell or offer for sale the seven and one fourth acres.  The other
land belonging to the father and to his estate was sold at public
sale and brought $26 an acre, and the proceeds were distributed

among the heirs. The defendant consented that J. D. Hesterlee should so act, and knew that he was relying on this agreement when the rest of the land was sold. It is alleged that it would be harmful and a great loss to the estate now for the defendant to repudiate the agreement; that " the part of the contract, so far as all of the balance of the heirs, the plaintiffs in this case, is concerned, has been fully performed and carried out according to the agreement;" that it was agreed between the defendant and J. D. Hesterlee, acting for himself and the other plaintiffs, that the amount of land that the defendant had over and above that which he bought from their father was seven and one fourth acres of land, and the defendant recognized that this land was a part of the estate of their father; that their father died on June 5, 1914, and that the agreement between J. D. Hesterlee and the defendant was made in November, 1918; that there was no administration of the estate of their father, nor was any necessary, all of the heirs being sui juris and there being no debts of the estate; that the defendant now fails and refuses to comply with the contract although he has been in possession of the land, and this suit is brought for the purpose of recovering the sum of $188.50, and that demand has been made upon the defendant for this amount and payment refused by him.

The petition was dismissed by the judge of the city court, on the ground " that the same appears to be a suit for land under a parol agreement, and this court is without jurisdiction to try the same." To this judgment the plaintiffs excepted.

*Boykin & Boykin,* for plaintiffs.

*Smith & Millican,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) Conceding, but not deciding, that the city court of Carrollton had jurisdiction of the suit, the petition shows that the suit was based upon an oral contract for the sale of land, and that it did not come within any of the exceptions to the statute of frauds. The petition was therefore properly dismissed. As was said by Judge McCay in *Simonton* v. *Liverpool &c. Ins. Co.,* 51 *Ga.* 77, 82: " To make out a case, as we understand the law, the party seeking to set up a parol contract, which the law requires to be in writing, must show that he has done some act in performance of the contract upon his side, which act of performance has put him

in a new position, so .as that it would be a fraud upon him to permit the other party who has accepted this part performance to repudiate it. Browne on Frauds, § 457." See also *Lyons* v. *Bass,* 108 *Ga.* 573 (34 S. E. 721). The oral agreement stated in the petition was clearly a contract for the sale of land, and the petition fails to show any such part performance of the contract as would take it out of the statute of frauds. It is true the plaintiffs refrained from selling the seven and one fourth acres of land when they sold the other land at public sale, but it is not shown in the petition how this injured them, as it is not alleged that they could not have sold this land subsequently to as great an advantage. As was said by Presiding Justice Lumpkin in *Augusta Southern Railroad Co.* v. *Smith & Kilby Co.,* 106 *Ga.* 864 (33 S. E. 864): " There is no merit in the contention that there was a part performance by the plaintiff in the present case. Mere non-action cannot be .treated as performance, either partial or complete. The plaintiff parted with nothing of value and did nothing to its injury. It simply waited, choosing to rely upon a parol agreement which it ought to have known was not legally binding upon the opposite party."

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*