## 11093

### RUFF *ET AL.* v. HUDSPETH

(115 S. E., 626)

1. FRAUDS, STATUTE OF—WRITINGS SIGNED IN CONNECTION WITH AUCTION SALE OF LAND HELD NOT TO SATISFY STATUTE.—A purchaser bidding off two tracts of land at an auction sale was not furnished a memorandum of the sale by the auctioneer, but paid a portion of the price in cash, and received a written receipt signed by a real estate broker, "G. W. W. agent of R." He also signed certain papers acknowledging the purchase of Tracts Nos. 1 and 2 of "the

R. Place," and a memorandum of agreement authorizing the broker to resell the land, and later informed him to drop the deal with him and "Mr. R." The land was owned and was alleged to have been sold by five persons, including R. *Held,* that the writings were not sufficient to satisfy the statute, because not disclosing the names of vendors and lacking essential elements of a contract, the real estate broker conducting the sale not being an auctioneer, by whom no entry in writing appears to have been made.

2. FRAUDS, STATUTE OF—TO CHARGE PURCHASER, VENDORS NEED NOT SIGN CONTRACT.—For the purpose of charging a purchaser of land the owners or vendors need not sign the contract.

3. FRAUDS, STATUTE OF—MEMORANDUM TO COMPLY WITH STATUTE, MUST CONTAIN ALL ESSENTIAL ELEMENTS OF A CONTRACT.—The memorandum, to comply with the statute, which requires not only that the agreement or "some memorandum or note thereof" shall be "signed by the party to charged," etc., but that the memorandum or note shall be "in writing," must contain all the essential elements of a contract.

4. FRAUDS, STATUTE OF—TO SATISFY STATUTE NAMES OF VENDORS MUST BE SO DESIGNATED IN CONTRACT THAT PAROL PROOF NEED NOT BE RESORTED TO.—It requires two parties to make a contract, and a writing which names one party and does not indicate who the other party is does not set forth an essential element of the contract, and hence the names of the vendors, or some designation of them which can be recognized without resort to parol proof, is an essential part of a contract of sale of real estate to fulfill the requirements of the statute.

5. FRAUDS, STATUTE OF—MEMORANDUM OF SALE SIGNED BY BROKER AS "AGENT FOR R.," ONLY ONE OF SEVERAL VENDORS, NOT SUFFICIENT.—A memorandum of sale signed by a broker as "Agent for R.," only one of the vendors of land, is not sufficient to charge all of them.

6. FRAUDS, STATUTE OF—PRINCIPLE OF DOUBLE AGENCY NOT APPLICABLE WHERE AGENT NOT AUCTIONEER, AND WRITING LIMITS CHARACTER AND EXTENT OF AGENCY.—The principle of double agency cannot be applied where the agent is not the auctioneer, and the writings expressly limit the character and extent of the agency.

Before WILSON, J., York, April, 1921. Reversed.

Action by G. W. Ruff and others against I. D. Hudspeth. From a directed verdict for plaintiffs the defendant appeals.

*Messrs. J. A. Marion* and *W. W. Lewis,* for appellant, cite: *Memorandum for sale of lands must not only show name of vendee, but also the vendor:* 25 R. C. L., 655; 20 Cyc., 261; 3 McC., 458; 1 Benj. Sales, 248; 11 L. R. A., 143; 25 A. L. R., 632; 10 L. R. A., 835; 8 L. R. A. (N. S.), 736; 99 U. S., 100. *Description must be definite:* 25 S. C., 21; 33 S. C., 367; 25 R. C. L., 654; 20 Cyc., 70; 25 R. C. L., 652; 102 S. E., 630; 18 L. R. A. (N. S.), 616; 37 L. R. A., 639; L. R. A. 1917-A, 596. *Memorandum signed by agents of undisclosed vendor insufficient:* 25 R. C. L., 658; 39 N. W., 495; 8 L. R. A. (N. S.), 737; 103 S. E., 781. *Where several writings are relied on to show contract they must refer to each other:* 25 R. C. L., 680, 681; 20 Cyc., 319; 29 S. C., 535; 90 S. E., 183; 48 S. C., 507. *General requirements of memorandum:* 7 L. Ed., 295, note; 25 L. Ed., 366.

*Messrs. C. E. Spencer* and *J. S. Brice,* for respondents, cite: *Contract may be made up of several writings:* Cheves L., 68; 2 S. C., 411; 1 McM. Eq., 563; 29 S. C., 533; 68 S. C., 363. *Sufficient description of lands:* 1 McC. L. 425; 2 N. & McC., 207; Riley L., 56; 1 Rich. L., 407; 10 Rich. L., 60; 10 Rich. Eq., 4447; 1 Mill, 71. *Parol evidence admissible to explain references in memoranda:* 41 S. C., 153; 95 U. S., 496; 29 S. C., 539; 2 Rich. L., 273; 1 McM. Eq., 311; 48 S. C., 537; 14 How., 493; 17 Id., 354.

January 11, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

Action to recover a portion of the purchase price alleged to be due as an installment upon a contract to purchase land. The defendant resists recovery upon the ground that the alleged contract was void under the statute of frauds. The evidence in the form of written memoranda relied upon by the plaintiffs to establish the contract, and such portions

of the pleadings as are pertinent to the point herein considered, will be reported.

On August 26, 1920, the defendant, Hudspeth, attended an auction sale of certain lands in York County, and bid off two of the tracts offered for sale. He was furnished with no memorandum of the sale by the auctioneer, but afterwards paid to the real estate broker "conducting the sale" a cash portion of the purchase price, amounting to $1,169.54, and received written receipts therefor signed by "Geo. W. Williams, Agent for Ruff." He also signed certain papers acknowledging the purchase of Tracts Nos. 1 and 2 of "the Ruff place," signed a memorandum of agreement authorizing Williams to resell the land, and subsequently wrote Mr. Williams to the effect that he was forced by conditions to drop his real estate deal with him "and Mr. Ruff." Certain plats were introduced, upon one of which appeared the name of G. W. Ruff and upon the other the name of L. G. Thompson.

The land in controversy was owned, and is alleged to have been sold, by five persons, viz., G. W. Ruff, L. M. Ruff, Wilborn Ruff, Carl P. Anthony, and Luther G. Thompson. Nowhere in any of the writings relied upon by the plaintiffs to bring the contract of sale within the statute of frauds do the names of these vendors appear. The nearest approach to the naming or designation of any person purporting to act as vendor in the transaction is in the signature to the receipt given the defendant for the cash payment, which receipt is signed "Geo. W. Williams, Agent for Ruff." No entry in writing appears to have been made by the auctioneer, and there is no memoradum signed by him.

For the purpose of charging the defendant, Hudspeth, it was not essential that the owners or vendors should have "signed" the contract. As was held by this Court in *Sams v. Fripp,* 10 Rich. Eq. (S. C.), 449, and in *Peay v. Seigler,* 48 S. C., 509, 26 S. E., 890, 59 Am. St. Rep., 731, the requirements of the statute of frauds

under the facts there appearing "were fulfilled by the sig-
nature to the contract of the party to be bound, where
the adverse party, by bringing his bill, or any writing,
affirms the contract." But in those cases the names and
identity of the contracting parties were disclosed by the
paper writings otherwise than through the signatures.

The statute requires not only that the agreement, or
3, 4 "some memorandum or note · thereof," shall be
"signed by the party to be charged," etc., but that
the memorandum or note shall be "in writing." That the
memorandum so required to be in writing must contain all
the essential elements of a contract is too well settled in this
and other jurisdictions to require the citation of authority.
It requires two parties to make a contract. That a writ-
ing which names one party and does not indicate who the
other party is does not set forth an essential element of the
contract would seem to follow as a necessary sequence.
Hence the conclusion that the names of the vendors, or
some designation of them which can be recognized with-
out resort to parol proof, is an essential part of such a con-
tract for the sale of real estate as will fulfill the require-
ments of the statute of frauds, is approved by the great
weight of authority. One of the leading cases in this
country so holding is that of *Grafton v. Cummings,* 99 U.
S., 100, 25 L. Ed., 366. In that case the property was sold
at auction. The purchaser signed a memorandum acknowl-
edging that he had purchased the property therein described,
but neither in this memorandum nor in any other paper
writing relating to the transaction was the vendor disclosed.
The Court said: ·

"The statute not only requires that the agreement on
which the action is brought, or some memorandum there-
of, shall be signed by the party to be charged, but that the
agreement or memorandum shall be in writing. In an agree-
ment of sale there can be no contract without both a vendor
and a vendee. There can be no purchase without a seller.

There must be a sufficient description of the thing sold and of the price to be paid for it. It is, therefore, an essential element of a contract in writing that it shall contain within itself a description of the thing sold by which it can be known or identified, of the price to be paid for it, of the party who buys it. There is a defect in this memorandum in giving no indication of the party who sells. If Grafton was bound to purchase it was because somebody was bound to sell. If he was bound to pay, somebody was bound to receive the money and deliver the consideration for the price so paid."

In a note to the case of *Mertz v. Hubbard* (Kan.), 8 L. R. A. (N. S.), at page 33, the annotator says:

"The case reported holds in accordance with the great weight of authority that, in the sale of real estate, a memorandum thereof, in order to be sufficient within the terms of the statute of frauds, must show who the vendor of such real estate is. And where such memorandum shows that it is made by an agent of the vendor, who is not assuming to bind himself personally, and the vendor himself is not disclosed, as already stated, the great weight of authority holds that it does not comply with the requirements of the statute of frauds."

See *Oglesby, etc., v. Williams, etc.,* 112 Ga., 359; 37 S. E. 372; *Clampet v. Bells,* 39 Minn., 272, 39 N. W., 495; *Ments v. Newwitter,* 122 N. Y., 491, 25 N. E., 1044, 11 L. R. A., 97, 19 Am. St. Rep., 514; *Breckinridge v. Crocker,* 78 Cal., 529, 21 Pac., 179; *Schenck v. Spring Lake, etc., Co.;* 47 N. J. Eq., 44, 19 Atl., 881; *O'Sullivan v. Overton,* 56 Conn., 102, 14 Atl., 300; *Knox v. King,* 36 Ala. 367; *Sherburne v. Shaw,* 1 N. H., 157, 8 Am. Dec., 47; *Wheeler v. Walden,* 17 Neb., 122, 22 N. W., 346; *Carroll v. Powell,* 48 Ala., 298; *Ward v. Hasbrouck,* 169 N. Y., 407, 62 N. E., 434; Clark, Cont. § 118; Browne Stat., Frauds, §§ 372, 373; Benjamin on Sales (7th Am. Ed.), § 234.

In the case of *Mertz v. Hubbard, supra,* 75 Kan., 1, 88 Pac., 529, 8 L. R. A. (N. S.), 733, 121 Am. St. Rep., 352, 12 Ann Cas., 485, the Court said:

"An imperative requirement of the statute is that the memorandum must indicate the parties. 29 A. & E. Encycl. of L., 864. This requirement is not met by the naming of an agent who confessedly acts only as such. Not being personally concerned in the matter, assuming no individual liability, he is not a party to the agreement. The mention of his name is, therefore, immaterial, and fails to satisfy the statute. The memorandum being for this reason futile. no enforceable contract results. The rule that undisclosed principals may by parol evidence be charged with the burdens of a written contract, or be given its benefits, has no room for operation in such a case, because there is no valid written contract to start with to which to apply it."

The application of the rule thus clearly stated to the facts of the case at bar would seem to require no extended argument. If Hudspeth was bound to buy, it was because somebody was bound to sell. There could be no valid obligation to convey to Hudspeth what he agreed to buy unless the contract bound all—not one, or two or three—of the five owners. If the owners, the clients of Broker Williams, had declined to comply, and Hudspeth had sought to enforce the contract upon the theory that the signature of Mr. Williams was sufficient to charge all of the vendors, the inadequacy of the paper writings for that purpose is apparent. Mr. Williams signs not for himself, not for Anthony, nor Thompson, nor two of the three Ruffs, but merely as "agent for Ruff." That the case is not controlled by the principle applied in *Episcopal Church v. Wiley,* 2 Hill Eq. (S. C.), 584; 30 Am. Dec., 386, is obvious. In that case it was held that a memorandum of sale signed by the auctioneer of real estate was valid because the auctioneer was the agent for both the vendor and the vendee. Whether the memorandum in that case disclosed the name of the

vendor does not appear. But in no view can the principle of double agency be applied where the agent is not the auctioneer, and where the writings expressly limit the character and extent of the agency, as in the case at bar.

The defendant's motion for a directed verdict should have been granted, and the exceptions assigning error in that regard are sustained. It is, accordingly, ordered that the judgment of the Circuit Court be reversed, and that the cause be remanded to that Court for the purpose of entering the appropriate judgment under Rule 27 of this Court.

Reversed.

MR. JUSTICES WATTS, FRASER, and COTHRAN concur.

MR. CHIEF JUSTICE GARY (dissenting) : This is an action to enforce a contract for the purchase of certain lands in York County, alleged to have been sold by the plaintiffs to the defendant. The complaint, the answer, the exhibits, and the exceptions will be reported. At the conclusion of the testimony his Honor, the Circuit Judge, directed a verdict in favor of the plaintiffs, and the defendant appealed. The answer of the defendant alleges:

"That he admits that on August 26, 1920, he attended the sale of certain lands in said county, described as the Ruff lands, and that at the said sale he bid the sum of $83.00 per acre for tract described as Tract No. 1, and as containing 75 4/10 acres, and that he bid the sum of $91.00 per acre for the tract described as Tract No. 2, and as containing 59 3/4 acres, and thereafter he paid to the real estate broker conducting the said sale the sum of $1,169.54 as representing 10 per cent. of the aggregate of his bids on two said tracts. * * *"

Exhibit C is as follows:

"$1,169.54. Received of J. H. Hudspeth eleven hundred sixty-nine and 54/100 dollars, being ten per cent. of purchase price Ruff Tracts Nos. 1 and 2 bid off at public sale August 26th, 1920. Tract No. 1 contains 75.4 acres,

and the price was $83.00 per acre; and Tract No. 2 contains 59 3/4 acres, and the price was $91.00 per acre.

"August 28th, 1920.

"Geo. W. Williams,
"Agent for Ruff."

Exhibit G is as follows:

"I admit that I have this day purchased Tract No. 1, of the Ruff place containing 75.4 acres at $83.00 per acre; that I am to pay 10 per cent. of the purchase price to-day, 23 per cent. more January 1, 1921, and the remainder in 1, 2, and 3 years, with seven per cent. interest from January 1, 1921.                          I. D. Hudspeth."

Exhibit H is as follows:

"I admit that I have this day purchased Tract No. 2 of the Ruff place containing 59 3/4 acres at $91.00 per acre; and I am to pay 10 per cent. of the purchase price to-day, 23 per cent. more January 1, 1921, and the remainder in 1, 2, and 3 years, with 7 per cent. interest from January 1, 1921.                          I. D. Hudspeth."

We do not deem it necessary to consider the other exhibits.

The whole question is whether these exhibits, when considered in connection with the admissions of the defendant in his answer, are sufficient to satisfy the requirements of the Statute of Frauds, which appellant's attorneys contend are that they should contain the names of the parties to the contract; that they must describe the lands sufficiently for identification; that they must state the consideration; and, lastly, the contract must be signed by the party to be bound. It is only necessary to refer to these exhibits in connection with the admissions of the defendant in his answer to reach the conclusion that there was a compliance with every requirement of the Statute of Frauds.

For these reasons I dissent.