14133

FLORENCE PRINTING CO. *ET AL.* v. PARNELL *ET AL.*

(182 S. E., 313)

120

124

126

128

*Messrs. McEachin & Townsend* and *Preston B. Thames,* for appellants,

*Messrs. Willcox, Hardee & Wallace* and *W. Stokes Houck,* for respondents,

August 28, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The action herein by Florence Printing Company, a corporation, as plaintiff, against J. B. Parnell, W. B. Corbin,

and Monroe Parnell, as defendants, was commenced in the Court of Common Pleas for Florence County March 20, 1934, by service of the summons and complaint on the defendants, together with an order restraining the defendants from interfering with the business of the plaintiff, Florence Printing Company. The said restraining order required the defendants to show cause, at a given time and place stated in the order, why the temporary restraining order should not be continued. The said order was subsequently modified so as to permit J. B. Parnell, the president of the said Florence Printing Company, to carry on the duties as discharged by him previous to the commencement of the action. J. M. O'Dowd at that juncture of the case served upon counsel for the defendants his petition for intervention and a notice of motion to be made a party plaintiff to the action.

The matter first came before his Honor, Judge William H. Grimball, for a hearing upon the return of the defendants to the said restraining order, and upon the petition of the said J. M. O'Dowd to be made a party plaintiff. Upon hearing the matter his Honor, Judge Grimball, issued an order making the said J. M. O'Dowd a party plaintiff to the action, and in said order his Honor continued the said restraining order, and, also, required the said J. M. O'Dowd to file a bond in the cause in the sum of $3,000.00.

From the said order of his Honor, Judge Grimball, the defendants served due notice of intention to appeal. It also appears from the record that an amended complaint was then served and to this amended complaint the defendants filed a demurrer, upon the ground of misjoinder of causes of action. However, by permission of the Court, the demurrer was withdrawn and the defendants served their answer in the cause.

It appears that both parties, plaintiffs and defendants, treated the action as an action in equity, and, we may add, properly so. In due course the plaintiffs, to whom we shall hereinafter refer as respondents, made a motion before the

Court to frame issues for trial by jury, and the defendants, to whom we shall hereinafter refer as appellants, moved for an order of reference. The motion for an order of reference was heard before his Honor, Judge S. W. G. Shipp, who, after consideration, referred the matter to Hon. C. W. Muldrow, master in equity, for the purpose of taking testimony and reporting the same to the Court. The issues came before his Honor, Judge Shipp, upon the pleadings and the testimony reported by the master. At that time counsel for appellants moved to strike out all of the testimony, with reference to the extension of the 1926 contract, which was referred to in the pleadings and in the testimony, as not being responsive to the allegations of the complaint, which motion his Honor, Judge Shipp, overruled. By decree, dated August 8, 1934, his Honor, Judge Shipp, sustained the contention of the respondents. In due time appellants served notice of intention to appeal from said decree.

Having carefully considered appellants' exceptions, in connection with the testimony and entire record of the case, it is our opinion that the record amply supports the finding and holding of the Circuit Judge, as set forth in his decree. It is, therefore, the judgment of this Court that the decree of the Circuit Judge be and the same is hereby affirmed.

NOTE: The decree of the Circuit Judge will be incorporated in the report of the case.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.