## G. H. CRAWFORD CO., Inc., v. DIXON.
### No. 3279.

District Court, E. D. South Carolina.
March 17, 1938.

Herbert & Dial, of Columbia, S. C., for plaintiff.

R. Beverley Sloan, of Columbia, S. C., for defendant.

MYERS, District Judge.

This action was brought by the plaintiff seeking to recover from the defendant, as receiver of the National Loan & Exchange Bank, one-half of the profits realized by the receiver from the sale of certain bonds which came into his hands among the assets of the said National Loan & Exchange Bank in liquidation, hereinafter referred to as the Bank.

The testimony shows that the bonds involved in this action were purchased by the Bank for the joint account of the plaintiff and the Bank under a contract whereby it was agreed that the plaintiff and the Bank were to share on an even basis any loss or gain realized when the bonds were sold, plaintiff's contribution being its value in an advisory capacity due to its superior knowledge and long experience in the business of buying and selling bonds. The bonds themselves were not actually earmarked, but a notation was made on the Bank's bond book that they were held "joint with G. H. Crawford Company."

There was no testimony introduced denying that the bonds were so held or that the contract was not as above outlined.

Before the Bank closed, some of the bonds which had been purchased under the joint account contract had been sold and a partial accounting of profits had been made by the Bank to the plaintiff. The remaining bonds subject to this contract, and which came into the hands of the receiver, were sold at a profit of $3710.50 over and above the purchase price or the value at which they had been carried on the books of the Bank.

The defendant receiver sets up the following defenses:

First. That the contract as alleged and shown was beyond the powers conferred upon the officers of the Bank under the national banking laws and · was and is ultra vires, null, and void and of no effect.

Second. That said contract, if made, was voidable and subject to rescindment by the receiver upon his appointment and that the defendant elects to rescind the same.

Third. That the contract is unenforceable under the provisions of the statute of frauds.

Fourth. That with the acquiescence of the plaintiff the bonds involved had been pledged by the Bank to secure deposits and that the defendant had redeemed same from said pledges by the payment of the amounts thereof out of the assets of his trust.

Considering these defenses in reverse order, I am of opinion that the pledging of the bonds by the Bank with the acquiescence of the plaintiff and the redemption thereof by the use of funds of the general assets did not in any way affect the interest ,of the plaintiff in the proceeds from the sale of the bonds as the amount paid by the receiver to redeem the pledges was not only replaced but augmented upon the sale of the bonds.

The defense that the contract fell within the inhibition of the statute of frauds was practically abandoned by the defendant. The contract was not one for the sale of goods, and even if it had been, there was a part performance by the Bank in paying to the plaintiff the sum

638

of $500 on account, and further the statute of frauds applies only where a contract can not possibly be performed within a year. Florence Printing Company v. Parnell, 178 S.C. 119, 182 S.E. 313.

■ Next, the defendant could not rescind or void the contract at his election. This question is so closely allied with that involved in the first defense, that the contract was ultra vires, that they will be considered together. There remains, therefore, the question of the authority or power in the officers of the Bank to make the contract and whether the augmented funds accruing to the receiver constitute an identifiable res, coupled with circumstances creating a trust relationship.

■ Among the corporate powers for banking associations, U.S.C.A., title 12, § 24, is the power to make contracts. Here in the investment of its funds in the bonds in question the Bank had the benefit of advice from the president of the plaintiff corporation based on knowledge gained by him in many years of experience in the buying and selling of bonds and through long contact with the bond market, and in effect the Bank contracted for his (its) services in the matter of advice as to the purchase and sale of its bond investments, the plaintiff to be compensated by one-half of the profit so derived, or, on the other hand, to protect the Bank to the extent of one-half of the loss, should any loss occur. In addition to this, all interests accruing on the bonds became the property of the Bank. Had there been a loss, the liability of the plaintiff to reimburse the Bank for one-half thereof was enforceable by the Bank or by the defendant as its receiver. The plaintiff by its receipt of a share of the profits which had arisen from a partial fulfilment of the contract would have been estopped from denying its validity.

In all the authorities limiting the scope of the contractual power of a national bank, I can find no basis for declaring ultra vires one such as this, which is, in effect, a contract of reciprocal beneficial relationship and one which limited the speculative character of the Bank's investment in the bonds.

■ Should this view not be sustained, there is certainly an identifiable res in which the interest, that is, the money value in interest, of the plaintiff was not established until ascertained by eventual disposition of the bonds by the defendant; not by the value of the bonds at the time of the closing of the Bank or at the time of their coming into the possession of the receiver or the appointment of the receiver. This court, of course, recognizes the general rule that the amount due on a claim against the receiver of a national bank is determined by the value of the claim at the time of the closing of the Bank, but this rule is inapplicable to this case, for the reason that until the receiver disposed of the bonds it could not have known whether there would be a profit or a loss, and in either event, the amount of same, and I hold that under the facts of this case the claim of the plaintiff is limited to the amount which the receiver benefited at the expense of the plaintiff, to wit, one-half of the profit from the sale of the bonds which were held in joint account under the contract.

■ The defendant has placed considerable reliance on the language of Mr. Justice Brandeis in the case of Texas & Pacific Railway Co. v. Pottorff, 291 U.S. 245, 54 S.Ct. 416, 420, 78 L.Ed. 777, but that case is not authority for the case at bar, which is controlled by the statement: "Such claim under the doctrine of unjust enrichment is assimilated to an obligation of contract; and does not, in the absence of an identifiable res and a constructive trust based on special circumstances of misconduct, confer a preference over other creditors."

■ The defendant as receiver cannot repudiate the contract and at the same time retain its fruits. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059.

The Pottorff Case, supra, does not overrule the long line of decisions of the Supreme Court of the United States to the effect that a national bank cannot repudiate a contract on the ground that it is ultra vires and at the same time retain the fruits of the contract. Merchants' National Bank v. State National Bank, Mass. 1870, 10 Wall. 604, 19 L.Ed. 1008; National Bank of Commerce v. Equitable Trust Co., 8 Cir., Mo.1915, 227 F. 526, 142 C.C.A. 158, writ of certiorari denied, 1915, 239 U.S. 648, 36 S.Ct. 221, 60 L.Ed. 458; Logan County National Bank v. Townsend, 1891, 139 U.S. 67, 11 S.Ct. 496, 35 L.Ed. 107; Carr v. National Bank & Loan Co., 1901, 167 N.Y. 375, 60 N.E. 649, 82 Am.St.Rep. 725, affirmed National Bank

& Loan Co. v. Carr, 1903, 189 U.S. 426, 23 S.Ct. 513, 47 L.Ed. 881.

From the testimony, it appears that the total profit to the conservator and receiver by reason of the sale of the bonds which were carried in the joint account was $3710.50. The plaintiff's share of this amount, or 50 per cent. thereof, is $1,855.25.

Let judgment be entered accordingly.