SOUTHERN STATES LIFE INSURANCE COMPANY, Appellant and Cross-Appellee,

v.

J. W. FOSTER and S. V. Foster, as copartners, Appellees and Cross-Appellants.

No. 7065.

United States Court of Appeals Fourth Circuit.

Argued Oct. 19, 1955.

Decided Jan. 4, 1956.

Charles W. Waring, Charleston, S. C.
(Waring & Brockinton, Charleston, S. C.,

on the brief), for appellant and cross-appellee.

Thomas E. McCutchen, Columbia, S. C. (James D. Walters, Whaley & McCutchen, Columbia, S. C., on the brief), for appellees and cross-appellants.

Before SOPER and DOBIE, Circuit Judges, and BRYAN, District Judge.

BRYAN, District Judge.

Holding that the agency commission agreement between the appellant and the appellees, which was clearly not performable within a year, is evidenced by such a signed writing as is required of it under the statute of frauds of South Carolina, but even if not so evidenced, that the agreement has been so far performed by the appellees as to save it from the bar of the statute, the District Court has entered judgment against the appellant on the agreement. As we think these conclusions erroneous, the judgment cannot stand.

By a written contract, dated February 1, 1951, and supplements thereto, all signed by the appellant, the Southern States Life Insurance Company, as well as by the appellees, S. V. and J. W. Foster, the company appointed the Fosters as its agents to solicit applications for insurance. The contract stipulated that the claim loss experience of the company upon the policies procured by the appellees would vary the latter's compensation, putting it below or above the normal commission of 25% of the premiums, according to the losses as reviewed each month. Should they be discharged without cause, the agents would become entitled to receive one-half of their renewal commissions for five years. Effective September 4, 1952, the company terminated the contract, as it had the right to do, and the appellees were removed without cause.

Thereupon the company offered a different arrangement to satisfy the appellees' right to the half-commissions for five years. Its proposal was rejected, but, the Fosters say, another agreement for the appellees' compensation after discharge was reached with the appellant on November 12, 1952. The new agreement, they state, provided not only for a five-year commission to them of 12½% (one-half of the regular), but, more especially, that there should be no variation of it for claim loss experience. Appellant's checks and accompanying statements of the account were the only writings touching the new agreement.

Upon conclusion of their negotiations on November 12, 1952, the company gave appellees its check for half of the normal commissions for September and October, 1952, and thereafter for each month through August, 1953, the company paid the half-commissions without deduction or addition for loss experience. In September, 1953, further remittances were discontinued. The reason given for the suspension was that, upon reckoning the claim loss experience of the Foster policies, the company discovered it had overpaid the appellees. Appellees protested; they declared that by the new agreement of November 12, 1952, both parties had waived the right to adjustments for claim losses, the Fosters were due monthly payments at a constant rate of 12½%, and appellant's conduct in omitting all such adjustments since November, 1952, had established the waiver. Appellant denying the factum and force of the new agreement, the appellees began this action for damages, pitching their cause solely on the new agreement.

A jury has said the new agreement existed in fact; but we are of the opinion that its enforcement is prohibited by the South Carolina statute of frauds, worded as follows:

"No action shall be brought whereby: * * *

"(5) To charge any person upon any agreement that is not to be performed within the space of one year from the making thereof;

"Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall

be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized." Code 1952 S.C. § 11–101.

Revealing itself as one "not to be performed within the space of one year"—indeed, in barely less than five years—the new agreement is not evidenced by "some memorandum or note * * * in writing and signed by the party to be charged". The appellees' documents plainly do not fulfill this commandment of the statute. They consist exclusively of the company's monthly checks and the supporting unsigned statements of account. Not a term of the agreement can be identified in them. But, even if the absence from the statements of any adjustment by the company for claim loss experience evidences the cancellation of this factor, it does so only in respect to the payments already made. The omission does not evidence an obligation to forego the adjustment for the future; and it is the future payments that are the subject of this litigation. As the papers lack even a suggestion of the waiver, parol evidence cannot be used to implant it there. In fine, the checks and statements do not meet the salutary precaution of South Carolina's statute. Boozer v. Teague, 1887. 27 S.C. 348, 3 S.E. 551; Ruff v. Hudspeth, 1923, 122 S.C. 391, 115 S.E. 626; Speed v. Speed, 1948, 213 S.C. 401, 49 S.E.2d 588.

■ To escape the foil of the statute, the appellees call upon the doctrine of part performance. Undoubtedly, complete performance of his obligations by one party to an oral agreement otherwise within the statute of frauds, with acceptance of the performance by the other party, will both in law and in equity at times exclude or withdraw the agreement from the statute. Gee v. Hicks, 1831, Rich.Eq.Cas., S.C., 5, 17, 22; Bates v. Moore, 1832, 2 Bailey, S.C., 614, 616; Walker v. Wilmington C. & A. R. Co., 1887, 26 S.C. 80, 1 S.E. 366, 372; McLellan v. McLellan, 1925, 131 S.C. 245, 126 S.E. 749, 750; Carter v. McCall,

1940, 193 S.C. 456, 8 S.E.2d 844, 848, 151 A.L.R. 641; Restatement, Contracts, sec. 198; 1 Williston on Contracts, section 504. But in no aspect of this case is the present agreement excepted or removed from the statute.

■■ To begin with, if the promise of the appellees to waive the benefits of the claim loss experience be treated as a present surrender of all future claims, and not a promissory waiver to be executed as and when such benefits should thereafter appear, then there has been no performance by the appellees, for nothing was demanded of them to be done. Their promised course was simply inaction. Non-action is an adequate consideration but it does not constitute a part performance to excuse or lift the agreement from the exactions of the frauds statute. Augusta Southern R. Co. v. Smith & Kilby Co., 1899, 106 Ga. 864, 33 S.E. 28, 29; Hawkins v. Studdard, 1909, 132 Ga. 265, 63 S.E. 852, 856; Hesterlee v. Hesterlee, 1921, 27 Ga.App. 169, 107 S.E. 889, 890; notice Levi v. Murrell, 1933, 9 Cir., 63 F.2d 670, 672. The South Carolina decisions already cited disclose, in their reasoning, that non-action is not such part performance as exempts a contract from the statute. Negative conduct of this kind does not enrich the other party at the expense of the passive party, and for that reason it does not in law imply an obligation by the former to execute his agreement or estop him to deny it. Carter v. Brown, 1872, 3 S.C. 298, 308. On principle, too, the conclusion is sound because it effectuates the aim of the statute that long term promises be not left to parol proof with its attendant uncertainties of human memory.

■ On the other hand, if the appellees' agreement be treated as a promise of waiver, to be carried out each month of the contract's span, through abstention from pressing the claim loss experience, rather than as an immediate relinquishment of all future claims, the agreement is obviously still within the statute, because the appellees have never

.. 

fully performed that promise. Until the arrival of each of those months, the waiver for that month could not be tendered; until then, neither the appellant, nor the appellees, could perform their agreement for that month—the one to pay, the other to waive. True, appellees' promise to waive passed at once to appellant and was a present consideration for the new agreement; but appellees' waiver clearly could not be at once performed, necessarily continuing as a periodic promissory obligation.

Again, for part performance to put the agreement beyond the pale of the statute, the claimant must, save under exceptional circumstances, first acquit himself of his burdens in full, leaving only the other party in non-compliance. Gee v. Hicks, supra, Rich.Eq. Cas., S.C., 5, 18; White v. McKnight, 1928, 146 S.C. 59, 143 S.E. 552, 59 A.L.R. 1297; 1 Williston on Contracts, sections 504 and 533. The exceptional circumstances are estoppel or resultant fraud. This case does not exemplify these exceptions. The appellees have not, in reliance upon the new agreement, so changed their position that the appellant is estopped to plead the statute or that application of the statute would impose a fraud upon the appellees. Florence Printing Co. v. Parnell, 1935, 178 S.C. 119, 182 S.E. 313; McMillan v. King, 1940, 193 S.C. 14, 7 S.E.2d 521. We are not concerned here with what remedy such a claimant might have outside the contract, for instance by way of quantum meruit or quantum valebant.

Finding the new agreement unenforceable under the law of South Carolina, we set aside the judgment now on review and remand the case to the District Court with directions to allow the appellees, the plaintiffs, to proceed in this action upon the written and signed contract of February 1, 1951, with the supplements thereto, if they be so advised, permitting each party to amend their pleadings to this end.

Reversed and remanded.