[No. 13085. Department Two. — June 23, 1891.]

# WILLIAM B. SWAIN, APPELLANT, *v.* EUGENE T. BURNETTE ET AL., RESPONDENTS.

VENDOR AND PURCHASER — PAROL CONTRACT FOR EXCHANGE OF LANDS — STATUTE OF FRAUDS — PART PERFORMANCE — SPECIFIC PERFORMANCE. — If one party to an oral agreement for the exchange of lands conveys his own land to the other party, in accordance with the terms of the agreement, it is a sufficient part performance by him to take the agreement out of the statute of frauds and entitle him to its specific performance by the other party.

ID. — CONDITIONAL DELIVERY OF DEED — UNAUTHORIZED AGENCY — NON-ACCEPTANCE. — If the plaintiff delivered his conveyance on condition that the defendant convey to the plaintiff, and such delivery was made to the defendant's agent, who was not authorized to accept it, and the defendant thereupon refused to accept it, or to make the exchange orally agreed upon, there is no part performance sufficient to take the agreement out of the statute of frauds.

ID. — AUTHORITY OF AGENT TO PROCURE EXCHANGE — CONTRACT OF PRINCIPAL — DELIVERY OF DEED. — A written agreement authorizing a real estate agent to effect a satisfactory sale or exchange of the land of the principal does not authorize the agent to enter into a binding contract for the exchange, or to accept a deed for the principal, if the principal afterwards makes a contract for the exchange of the land; and a delivery of a deed of land to the agent, by a party claiming to have entered into a contract of exchange with the principal, is not a delivery to the principal.

ID. — UNDELIVERED DEED — MEMORANDUM OF AGREEMENT. — A deed of land signed by the grantor, in pursuance of an oral agreement for the exchange of lands, but which is not delivered and is not shown to have contained a memorandum of the oral agreement for the exchange of lands, cannot be regarded as a sufficient memorandum of such oral agreement to take it out of the statute of frauds.

ID. — LETTERS — REJECTION OF PROPOSITION — INSUFFICIENT MEMORANDUM. — Letters written by the owner of real estate in regard to a negotiation between the parties for an exchange of land, which do not purport to state the terms of any completed agreement, but are simply a rejection of the proposition to make the exchange, do not constitute a sufficient memorandum of an agreement for the exchange, to satisfy the statute of frauds.

APPEAL — NON-APPEALABLE ORDER. — An order refusing to modify a judgment is not an appealable order.

APPEAL from a judgment of the Superior Court of Alameda County, from an order granting a nonsuit, and from an order denying a motion to modify the judgment.

The judgment contained the recital that "the defendants moved the court for a nonsuit on the grounds that no contract of any kind between the plaintiff and the defendants, or either of them, has been shown or proved herein, and that the plaintiff has not made out his case, or sustained the allegations of his complaint." The plaintiff moved for an order modifying the judgment by striking out the words "that no contract of any kind between the plaintiff and defendants, or either of them, has been shown or proved herein, and," upon the grounds that the said matter was not assigned by the defendants as a ground for their motion for a nonsuit, and that the same was improperly inserted in the judgment. Further facts are stated in the opinion of the court.

*George W. Lewis,* and *Ben Morgan,* for Appellant.

The letter from defendant Nettie C. Burnette, dated June 26, 1884, though attempting to repudiate the agreement, constitutes a sufficient memorandum to bind her, and to effect a ratification of this agreement of defendant Eugene T. Burnette. (Wood on Statute of Frauds, pp. 669, 695, secs. 347, 360; *Drury* v. *Young,* 58 Md. 546; 42 Am. Rep. 343, and note 347.) The fact that the defendants' deed was not delivered to the plaintiff is immaterial, as a memorandum is only evidence of an agreement, and need not be delivered. (Wood on Statute of Frauds, pp. 673, note 1, 674, and notes; *Drury* v. *Young,* 58 Md. 546; 42 Am. Rep. 343; Civ. Code, sec. 1424; Code Civ. Proc., sec. 1973.) The language used in the document employing the agent gave him full authority to sell or exchange defendants' real property, subject to the conditions therein contained. (Civ. Code, sec. 2309.) In pursuance of this authority, the agent negotiated the exchange of the defendants' land for the plaintiff's land. In so doing, he acted as, and had the authority of, an agent. (Civ. Code, sec. 2319.) Under that authority Crane had the right to enter into a wrttten contract

with the plaintiff for the exchange of lands, or to enter
into an oral contract therefor, and to accept a full perform-
ance of the oral contract on the part of the plaintiff.
(Civ. Code, sec. 2319.) The contract between Crane and
plaintiff was oral; the plaintiff performed everything
to which defendants were entitled under the obligation.
(Civ. Code, secs. 3386, 3392.) Plaintiff's deed and title
papers were duly executed and delivered to Crane,
the agent of defendants, and were accepted by him,
and the acts of the agent were the acts of the principals,
E. T. and Nettie C. Burnette. (2 Kent's Com., Holmes's
12th ed., 629, 630; Civ. Code, sec. 2332.) Mrs. Burnette
ratified the acts of her husband in his agreement with
Crane for the exchange of the properties. (*Billings* v.
*Morrow*, 7 Cal. 171; 68 Am. Dec. 235; *Davidson* v. *Dallas*,
8 Cal. 227; *Marziou* v. *Pioche*, 8 Cal. 522; *Taylor* v. *Rob-
inson*, 14 Cal. 396; *Ellison* v. *Jackson Water Co.*, 12 Cal.
542; *McCracken* v. *City of San Francisco*, 16 Cal. 591;
*Grogan* v. *City of San Francisco*, 18 Cal. 590; *Blen* v.
*Bear River and Auburn Water and Mining Company*, 20
Cal. 602; 81 Am. Dec. 132.) The "note or memoran-
dum" required presupposes the existence of an oral
contract, which can only be proved by the "note or
memorandum." (Bennett's Benjamin on Sales, p. 165,
sec. 208; *Sievewright* v. *Archibald*, 17 Ad. & E., N. S.,
124; *Bailey* v. *Sweeting*, 9 Com. B., N. S., 859.) It was
competent for plaintiff to prove the oral agreement
evidenced by memoranda on the part of defendants, and
fully executed and performed on the part of plaintiff.
(Bennett's Benjamin on Sales, p. 165, sec. 208; *Sieve-
wright* v. *Archibald*, 17 Ad. & E., N. S., 124; *Bailey* v.
*Sweeting*, 9 Com. B., N. S., 859; *Webster* v. *Zielly*, 52 Barb.
482; *Bird* v. *Munroe*, 66 Me. 337, 341, 342; 22 Am.
Rep. 571.) When there has been such a part perform-
ance of a verbal contract of sale by the plaintiff as to
put him into a situation which would operate as a fraud
upon him, unless the verbal agreement should be en-

forced, a specific performance of the contract will be decreed. (*Tohler* v. *Folsom*, 1 Cal. 207; Story's Eq. Jur., 11th ed., sec. 759.)

*J. C. Plunkett*, and *N. B. Malville*, for Respondents.

Nothing appears in the case to show that defendants made any contract with the plaintiff, or the plaintiff made any agreement or was bound by any agreement or contract to convey to the defendants. Specific performance will not be enforced against either party if it cannot be enforced against the other; it must be mutual. (*Wakeham* v. *Barker*, 82 Cal. 46; *Sturgis* v. *Galindo*, 59 Cal. 28; 43 Am. Rep. 239.) The refusal of the court to admit testimony of an oral contract was justified by the pleadings, for there was no allegation in the complaint of part performance, or proof thereof. (*Fowler* v. *Sutherland*, 68 Cal. 414; *Smith* v. *Taylor*, 82 Cal. 533.) Part performance is the actual taking possession of the land by the vendee, with consent of the vendor. (*Calanchini* v. *Branstetter*, 84 Cal. 249; *Weber* v. *Marshall*, 19 Cal. 449; *Burlingame* v. *Rowland*, 77 Cal. 315; *Forrester* v. *Flores*, 64 Cal. 24.) A court of equity will not compel specific performance, except the contract is in writing. (*Smith* v. *Taylor*, 82 Cal. 533; Civ. Code, sec. 1624.)

DE HAVEN, J. — This is an action to enforce the specific performance of an alleged agreement for an exchange of lands. The making of the agreement was denied by defendants. The answer alleges that defendant Nellie C. Burnette, who is the wife of the other defendant, E. T. Burnette, is the owner of the land in controversy. The evidence in the record before us shows that the defendant E. T. Burnette employed one Crane, a real estate agent, to effect a sale or an exchange of said land, by a writing the material part of which is as follows: "I will place this property in your hands for sale, and will pay you five per cent commissions on the

amount of sale. Price, five thousand dollars. You to pay all advertising expenses. Or you can trade this property for property in Oakland that will be satisfactory to me. I will accept the same as cash." It appears that Crane, acting under this employment, brought the plaintiff and the defendants together, and it may be inferred from the testimony of Crane that an oral agreement was made between the parties for an exchange of their lands. It was further shown that on July 15, 1884, the plaintiff left with Crane, for the defendants, a deed properly signed and acknowledged by him, in form, conveying to Mrs. Burnette the land which he claims he was to give in exchange for that in controversy, but the defendants refused to accept this deed. It also appears that at some time during the negotiations the defendant Mrs. Burnette signed and acknowledged a deed of the land in controversy. In it the plaintiff was named as grantee; but it was never delivered, nor did Mrs. Burnette in any manner part with its possession, and she finally destroyed it. Its contents were not shown further than that it was sufficient, in form, if delivered, to convey the land which it described. In addition to this, there was also introduced in evidence the following letters written by defendant Mrs. Burnette to the said Crane, in relation to the proposed contract with plaintiff: —

"HAYWARDS, CAL., June 26, 1884.

" A. E. CRANE.

" *Dear Sir*, — My husband has returned, and has ascertained from the records of Alameda County, there is a claim against the property you *propose* exchanging, belonging to Mr. Swain.

" The claim is known as the Dungan title, now pending in the superior court of Alameda County, and entered February 9, 1882. Therefore you can consider the trade at an end, as you both told me there was no suit over it. You can take the property off your books, as I will not sell the property through you."

"HAYWARDS, July 11, 1884.

" ALBERT E. CRANE.

" *Dear Sir,* — The ten days have expired in which Mr· W. B. Swain was to furnish me a good title of his property on Filbert Street.

" There still stands on record a mortgage not released, also the Dungan title, not released. Therefore you can take the property off your books, and I will take up my deposit of two hundred and fifty dollars, as I consider the trade at an end."

Upon this evidence the plaintiff was nonsuited, and on this appeal he contends, — 1. That the evidence shows such a part performance by him of the oral agreement as to entitle him to its specific performance by defendants; 2. That there was a sufficient memorandum in writing of the agreement to satisfy section 1624 of the Civil Code.

1. There was no part performance by plaintiff of the oral agreement, within the meaning of the rule relating to that subject. It may be conceded that if he had conveyed his own land in accordance with the terms of such agreement, this would have been such a performance by him that a court of equity would have compelled the defendants to perform their part of the contract. (*Caldwell* v. *Carrington,* 9 Pet. 86; Pomeroy on Specific Performance, sec. 134.) But the evidence falls far short of showing that he conveyed to the defendant Mrs. Burnette, the land which he claims he was to exchange for the land in controversy. She refused to accept the deed, and the delivery to Crane, even if unconditional, was not a delivery to her, as it does not appear that Crane was her agent for the purpose of accepting a delivery of this deed. Certainly, the written authority to effect a satisfactory exchange of her land, signed by her husband, and we may assume ratified by her, did not constitute Crane her agent to enter into a binding contract for such exchange, or to accept a deed for her if

she afterwards made a contract for the exchange of her land. By this writing there was reserved to the defendant signing or adopting it, the right to make his or her own contract, and Crane was only authorized, so far as relates to an exchange of lands, to find some one who would make a satisfactory exchange with defendant, and in the event of his success, Crane was to be allowed the same commission as on a sale for five thousand dollars in money, and its main purpose seems to have been to fix the compensation to which Crane would be entitled under such employment. But in addition to this, we think the fair inference to be drawn from the evidence is, that plaintiff left his deed with Crane, to be delivered to Mrs. Burnette only on condition that she executed her deed to plaintiff; and as this condition was not performed, plaintiff's deed never took effect as a conveyance. For both of these reasons, we think there was no part performance by appellant.

2. The appellant further insists that the deed signed by the defendant Mrs. Burnette, although not operative as a conveyance because not delivered, may yet be regarded as a sufficient memorandum of the oral agreement within the meaning of section 1624 of the Civil Code. We do not think so. It is unnecessary for us to determine, at this time, whether a deed not delivered, nor intended by the party signing it as a memorandum, if otherwise sufficient, could be treated as a memorandum of an agreement for the sale of land within the meaning of the statute, because there is nothing in the evidence to show that this writing, which lacked only delivery to constitute a deed, contained a memorandum of the terms of the agreement, which plaintiff claims that he made with defendants in reference to an exchange of lands, and unless it did, it would not satisfy the statute. It may have been sufficient in form to have operated when delivered, as a conveyance, and yet have been entirely silent as to the agreement in pursuance of which

it was made, and therefore insufficient as a memorandum of such agreement. (*Campbell* v. *Thomas*, 42 Wis. 441; 24 Am. Rep. 427; *Cagger* v. *Lansing*, 43 N. Y. 553.)

3. The letters do not purport to state the terms of any completed agreement. The first, of June 26th, is simply a rejection of the proposition to make the exchange. It is apparent from this letter that the matter of an exchange had been submitted to her for consideration, and upon examination of the records, the proposition was not accepted by her. In regard to the letter of July 11th, it may also be said that it does not state the terms of a completed agreement, such as plaintiff claims was made. It simply states that the title of plaintiff's property is not satisfactory, and that the time within which he was to make a good title had expired, and that she did not intend to pursue the matter further. And it is very clear from both of these letters that the question of plaintiff's title was under consideration and discussion at all times during the negotiation between the parties, and that, until satisfied it was good, the defendant did not propose to make an exchange. These letters do not furnish sufficient evidence of the agreement alleged by plaintiff, to entitle him to the judgment he seeks to obtain.

4. The order refusing to modify the judgment is not an appealable order.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.