### HUNT v̇. HUNT et al.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

1. STATUTE OF FRAUDS—ANTENUPTIAL ORAL AGREEMENT—MARRIAGE.

Marriage in pursuance of an oral antenuptial agreement is not a sufficient part performance to remove the bar of the statute of frauds, though suit is brought in equity to enforce specific performance, since a valid contract must be the foundation of the ·right to recover, whatever the form of action.

2. SAME—WILL—MEMORANDUM.

A will in which testator devises property to his·wife, as promised in an oral antenuptial agreement, but which makes no allusion to such agreement, is not a sufficient memorandum to take the agreement out of the operation of the statute of frauds.

Appeal from equity term, Ontario county.

Action by Lena E. Hunt against Joseph T. Hunt and another, executors of Wilson C. Hunt, deceased, and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

This action was commenced September 6, 1897, to enforce specifically an antenuptial agreement alleged to have been made between the plaintiff and her husband, Wilson C. Hunt. After the action was commenced, but before its trial, the original defendant died; and the present defendants, who are his

executors and legatees, were substituted in his stead. The complaint alleges,. in substance, that on the 15th day of October, 1896, the plaintiff and Wilson C. Hunt entered into an agreement whereby the latter agreed that, if the plaintiff would become his wife, he would pay her immediately upon the marriage $5,000 in cash, convey to her a house and lot owned by him in the city of Geneva, pay her $2.50 per week, which represented the weekly rental of a certain house which he owned, and also execute his will absolutely in her favor, of all of his property, except a watch and the sum of $200, which amounted in full to about $30,000. The court has found, on evidence warranting the conclusion, that the agreement recited in the complaint was made, and the parties to it intermarried October 15, 1896. The husband was 64 years of age, and the plaintiff 25; and from the outset the marriage was an unhappy one, and in six or seven months the plaintiff returned to her father, and the husband did not comply at all with his agreement. He died in October, 1897, and left a will in which he attempted to cut off the plaintiff entirely from any share in his estate, reciting that he was induced thus to ignore her "by reason of her misconduct and her treatment of me."

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Edwin Hicks, for appellant.
William S. Moore, for respondents.

SPRING, J. The antenuptial agreement rested in parol, and its only consideration on the part of the plaintiff was her marriage with Mr. Hunt, and that is urged to be sufficient part performance to remove the bar of the statute of frauds. From an early period the authorities in this state have been unvaryingly the other way. Reade v. Livingston, 3 Johns. Ch. 481; Dygert v. Remerschnider, 32 N. Y. 629; Brown v. Conger, 8 Hun, 625; Ennis v. Ennis, 48 Hun, 11–14; Lamb v. Lamb, 18 App. Div. 250, 46 N. Y. Supp. 219; Whyte v. Denike, 53 App. Div. 320, 65 N. Y. Supp. 577. In Brown v. Conger, 8 Hun, 625, the action was by the widow to recover one-third of her husband's estate, based upon an oral antenuptial contract; and the court, in considering this subject, said at page 627:

"It is urged by the appellant's counsel that the marriage in pursuance of the antenuptial agreement is such a part performance as that a court of equity will enforce the parol contract notwithstanding the statute of frauds. The counsel refers to no case which supports this proposition. Indeed, the cases, so far as I have examined them, are all the other way."

That seems to accord with the doctrine generally recognized. Tiff. Pers. & Dom. Rel. p. 160; Beach, Mod. Eq. Jur. § 622; Schouler,. Dom. Rel. (5th Ed.) § 179; Clark, Cont. p. 102; Pom. Spec. Perf. (2d Ed.) § 11; 8 Am. & Eng. Enc. Law (1st Ed.) 685. The rule is thus stated in Tiffany on Persons and Domestic Relations, at page 160:

"The marriage of the parties is not such part performance as will, even in equity, take the agreement out of the operation of the statute."

Pomeroy, in treating of specific performance in his work on Contracts, gives the rule in a sentence, and supplements it with a terse statement of the reason for it. He says at section 111 (3):

"When a verbal contract is made in relation to or upon the consideration of marriage, the marriage alone is not a part performance upon which to decree a specific execution. This rule, which is firmly established, is based upon the express language of the statute. A promise made in anticipation, followed by the marriage, is the exact case contemplated by the statute. It is plain that the marriage adds nothing to the very circumstances described by the statutory provision which makes a writing essential; in fact, until the mar-

riage takes place, there is no binding agreement independent of the statute, so that the marriage itself is a necessary part of every agreement made upon consideration of it, which the legislature has said must be in writing."

The fact that the present action is in equity does not relieve the appellant from this rule. A valid contract must be the foundation of the right to recover, whatever may be the form of the action. Dung v. Parker, 52 N. Y. 494.

The proof tends to establish that, while they were cohabiting together as husband and wife, Mr. Hunt did execute his will, giving to her substantially all of his property. The document was destroyed, and its contents depended upon oral testimony. There was no suggestion, however, that it contained any recognition of the antenuptial agreement, or any allusion to it. This was not a confirmation of that agreement, sufficient to prevent the operation of the statute of frauds. To surmount the difficulty imposed by that statute by a subsequent ratification or adoption of the parol agreement, the contract must have been explicitly recited in the will, leaving nothing for extraneous proof. Cooley v. Lobdell, 153 N. Y. 596, 600, 47 N. E. 783; Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97. In the latter case the court say at page 497, 122 N. Y., page 1046, 25 N. E., and page 101, 11 L. R. A.:

"And the whole current of authority in this state is that the memorandum must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is."

We have carefully considered the many authorities cited in the brief of the appellant's counsel, but they do not contravene the rule, which seems to be so well settled. While a valid antenuptial agreement is enforced wherever possible, no case has been presented to us obnoxious to the statute of frauds, or mitigating its force where the only performance of the oral contract inducing the marriage was the marriage itself, in which specific performance has been decreed.

The judgment is affirmed, with costs to the respondents. All concur.