12456

WHITE v. McKNIGHT *ET AL.*

(143 S. E., 552)

1. WILLS—ACTION FOR BREACH OF CONTRACT TO DEVISE LAND IS STRICTLY COGNIZABLE AT LAW.—An action for damages for breach of contract to devise land is strictly cognizable at law, not in equity, as is action for specific performance of such contract.

2. FRAUDS, STATUTE OF—PAROL CONTRACT FOR ACQUISITION OF REALTY IS ENFORCEABLE ONLY UNDER EXCEPTIONABLE CONDITIONS (CIV. CODE 1922, § 5516).—Under Civ. Code 1922, § 5516, a parol contract relating to acquisition of interest in real estate, such as contract to devise land, is not enforceable save under exceptional conditions.

3. SPECIFIC PERFORMANCE—PARTY PARTLY PERFORMING PAROL CONTRACT FOR ACQUISITION OF REALTY MAY ENFORCE SPECIFIC PERFORMANCE (CIV. CODE 1922, § 5516).—Specific performance of parol contract relating to acquisition of interest in real estate, such as contract to devise land, may be enforced in equity, notwithstanding Civ. Code 1922, § 5516, where there has been part performance by party seeking relief.

4. WILLS—PARTY AGGRIEVED BY BREACH OF CONTRACT FOR ACQUISITION OF REALTY MAY SUE FOR SPECIFIC PERFORMANCE, DEMAND RESCISSION AND RETURN OF VALUE OF CONSIDERATION PAID, OR SUE FOR DAMAGES OR VALUE OF CONSIDERATION.—Party aggrieved by breach of contract relating to acquisition of interest in realty, such as contract to devise land, may stand on contract and sue for specific performance, or abandon it for good cause and demand

rescission and return of value of consideration paid, in equity, or affirm validity of contract and sue for damages for breach, or for value of consideration paid, at law.

5. WILLS—TESTATOR HAVING CONVEYED REALTY TO PERSONS NOT PARTIES AND WITHOUT NOTICE OF CONTRACT TO DEVISE TO PLAINTIFF, LATTER COULD NOT SUE FOR SPECIFIC PERFORMANCE OR RESCISSION AND RETURN OF VALUE OF CONSIDERATION PAID BUT COULD SUE, IF AT ALL, ONLY FOR DAMAGES FOR BREACH OF CONTRACT.—Testator having conveyed real estate to persons not parties to action and without notice of testator's contract to convey land to plaintiff, latter could not sue in equity for specific performance or rescission and return of value of consideration paid, but could only sue, if at all, for damages for breach of contract.

6. FRAUDS, STATUTE OF—ACTION FOR BREACH OF PAROL CONTRACT TO DEVISE LAND CANNOT BE MAINTAINED BECAUSE OF PART PERFORMANCE (CIV. CODE 1922, § 5516).—While equity will compel restoration of money paid or value of services rendered on faith of another's performance of engagements under parol contract relating to real estate, which is not enforceable under Civ. Code 1922, § 5516, action at law for damages for breach of such contract cannot be maintained because of part performance by plaintiff.

7. FRAUDS, STATUTE OF—WILL DEVISING LAND TO CERTAIN PERSON, WITHOUT REFERENCE TO TESTATOR'S PAROL CONTRACT TO DO SO, HELD NOT SUFFICIENT WRITTEN MEMORANDUM OR NOTE (CIV. CODE 1922, § 5516).—Earlier will, devising land to plaintiff on named conditions, which he was free to accept or decline, without specific reference to agreement between him and testator, though referring to agreements between testator and other devisees, *held* not a sufficient written memorandum or note to relieve bar of Civ. Code 1922, § 5516, against recovery of, damages for breach of parol contract to devise land to him.

Before WILSON, J., Sumter, Summer Term, 1926. Reversed and remanded, with leave to move for amendment of the complaint.

Action by L. L. White against J. A. McKnight and others, as executors of the will of L. W. Jenkins, deceased. Judgment for plaintiff, and defendants appeal.

*Messrs. Epps & Levy,* and *Lee & Moise,* for appellants, cite: *Statute of frauds:* Sec. 5516, Civ. Code. *Remedies for breach of contract:* 4 Rich. Eq., 197; 18 S. C., 222; 12

S. C., 108; 88 S. C., 132; 1 C. J., 1047; 9 Rich., 215. *Part performance:* 27 C. J., 359, 360. *Same, will not take contract out of statute where action at law for breach of oral contract brought:* 60 S. C., 373; 57 S. C., 147; 41 S. C., 153. *Equity alone can give relief:* 113 S. C., 317; 1 Rich. Eq., 130; 7 Rich. Eq., 373; 25 R. C. L., 691, 693. *Distinction between suit at law for damages and a proceeding in equity for specific performance:* 107 S. C., 465. *Must elect which action will pursue:* 121 S. C., 462; 25 R. C. L., 433; Merwin Eq. & Eq. Pl., 407; 100 S. C., 341; 41 S. C., 349. *When contract taken out of statute:* 11 Rich., 471; 106 S. C., 519; 2 Story's Eq. Jur. (14th Ed.), 395, 396. *Cases distinguished:* 91 S. C., 284; 84 S. C., 197. *Distinction between action at law for recovery of value paid on contract and action for damages:* 72 S. C., 556. *Findings of fact cannot be disturbed:* 26 S. C., 304. *Not within province of jury to pass upon part performance taking case out of statute:* 141 S. C., 480; 106 S. C., 519; 105 S. C., 496; 36 Cyc., 669, 683; 77 S. C., 205. *Not sufficient part performance here to take out of statute:* 3 L. R. A. (N. S.), 814; 2 Rich. Eq., 162; 6 Rich. Eq., 347; 2 Story's Eq. Jur. (14th Ed.), 1049; 16 S. C., 378; 1 Rich. Eq., 130; 77 S. C., 511; 36 Cyc., 684; Id., 205; 38 Md., 298. *Contract here not sufficient:* 106 S. C., 519; 100 S. C., 341; 22 S. C., 454; 73 S. C., 155; 77 S. C., 511; 131 S. C., 416; 59 S. C., 528; 105 S. C., 496; 9 S. C., 971; 59 S. C., 528. *Possession must be exclusively referable to the contract:* 36 Cyc., 644, 669, 683; 77 S. C., 511; Id., 205; 38 Md., 298. *May not vary written contract by oral testimony:* 29 S. C., 545; Story's Eq. Jur. (14th Ed.), 1053; 141 S. C., 524. *A subsequent inconsistent agreement, so that the two cannot subsist together, will discharge the former:* 13 C. J., 603. *Cases distinguished:* 57 S. C., 60; 80 Ala., 451; 74 S. C., 43. *Contract sought to be set up void:* Secs. 533, 854, Code Proc.

*Messrs. Harby, Nash & Hodges,* for respondent, cite: *Cases distinguished:* 106 S. C., 619; 100 S. C., 341; 73 S. C., 155; 131 S. C., 416; 77 S. C., 511; 59 S. C., 528. *Will here removed case from statute:* 73 S. C., 158; 57 S. C., 60; 134 N. W., 185; 73 S. C., 158; 10 Rich. Eq., 459; 48 S. C., 509; 105 S. C., 496; 83 S. E., 841; 4 DeS., 185; 103 S. E., 619; 57 S. C., 60; 22 S. C., 454; 48 S. C., 86; 60 Am. Rep., 107. *Where a defendant has put it out of his power to specifically perform equity may decree damages against him:* 25 R. C. L., 345. *Equitable defense of part performance may be set up in law action:* 74 S. C., 43; 18 S. C., 22; 46 N. W., 854; Secs. 308, 854, Code Proc. *Distinguished:* 60 S. C., 373; 57 S. C., 147; 41 S. C., 153. *Right to have equitable issue passed upon by Court waived:* 102 S. C., 313; 48 S. C., 497. *Proof of contract:* 48 S. C., 511; 21 S. C., 492; 89 S. C., 277. *Measure of damages:* 40 Cyc., 1073; 98 S. E., 212; 11 S. E., 194. *Parol evidence did not vary the written contract:* 79 S. C., 459; 29 S. C., 545. *Jurors presumed to be fair and impartial:* 132 S. E., 828.

June 1, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action for damages, in the sum of $16,591, on account of the alleged breach of a contract entered into by and between the deceased testator of the defendant executors, L. W. Jenkins, and the plaintiff, L. L. White, to devise to the plaintiff a certain tract of land. It needs to be emphasized at the outset that it is not an action for the specific performance of a contract to devise, an action cognizable *in equity,* but an action for damages for the breach of such contract, an action strictly cognizable *at law.*

The complaint alleges the agreement, without stating whether it was in writing or by parol, the performance by

the plaintiff of his part of the agreement up to the time of the death of Jenkins, and that Jenkins had failed to carry out the agreement to devise, but had conveyed the property to other parties shortly before his death.

The answer of the defendants contains a plea of the statute of frauds, and alleges a mutual revocation of the agreement by the respective parties.

The case was placed on Calendar 1, and was tried before his Honor, Judge Wilson, and a jury, at the summer term, 1926. The defendants moved for a nonsuit and also for a directed verdict upon the grounds hereinafter considered, both of which were refused. The jury rendered a verdict in favor of the plaintiff for $4,500.

The verdict was rendered on August 7, 1926. The Court was adjourned *sine die* on that day. Thereafter, on August 11th, his Honor, we assume after he had returned to his home, signed and had filed the following order:

"This was an action tried before me and a jury at Sumter, S. C., on August 6th and 7th, resulting in a verdict in favor of the plaintiff in the sum of forty-five hundred ($4,500) dollars. The suit was brought for the alleged breach of an oral contract to devise lands; it being contended by the plaintiff that there had been sufficient part performance of the contract on his part to take it out of the statute of frauds. The defendant contended that the doctrine of part performance was exclusively an equitable doctrine and could not be relied upon by the plaintiff in this action; whereupon the plaintiff, in open Court, offered that the Judge of the Court, as chancellor, do pass upon the alleged equitable issue if the defendant conceived that to be the proper mode of trial. The defendants would not agree to this proposition and the entire case was submitted to the jury. The Court took the view, and so held, that the plaintiff could rely upon part performance in a proceeding of this character, and that it was proper to submit the case to the jury, but, inasmuch as the case may be appealed and the

Supreme Court may hold that the issue should have been passed upon by the Court, it seems proper that the Court express its views as to the matter so that no retrial of this issue will be necessary. The Court is of the opinion that the jury being the judges of the testimony, the claim of part performance has been sustained.

"It is ordered, adjudged, and decreed that, the jury having found as a matter of fact that the plaintiff fully performed the alleged contract on his part up to the time that defendants' testate breached the contract by conveying away the property, which act excused any further performance on the part of the plaintiff, the Court therefore finds as a matter of fact and of law that such part performance on the part of the plaintiff, as found by the jury, was and is sufficient to take the contract out of the statute of frauds.

"It is further ordered, adjudged, and decreed that the verdict of the jury herein be and is hereby confirmed, and that the plaintiff have judgment against the defendants for the sum of forty-five hundred ($4,500) dollars, with interest from the 7th day of August, 1926, the date of said verdict, and for costs.

"August 11th, 1926.

"*Nunc pro tunc.*

                    "John S. Wilson, Judge Third Circuit."

The defendants have appealed from the judgment entered upon the verdict, and from the order of August 11th, upon exceptions which will hereinafter be considered.

The main contention of the appellants, that the trial Judge erred in refusing their motion for a directed verdict, rests upon the following propositions:

(1) That under the statute of frauds a parol contract relating to the acquisition of an interest in real estate is not enforceable, save under exceptional conditions.

(2) That, notwithstanding the statute of frauds, the *specific performance* of such a contract may be enforced *in*

*equity,* where there has been part performance of the contract by the party seeking relief.

(3) That the part performance which would sustain an action for specific performance, *in equity,* affords no relief in an action *at law* for damages resulting from the breach of such a parol contract.

(4) That there is no evidence in the case of such a memorandum or note in writing of the alleged contract as will relieve the bar of the statute of frauds.

The first proposition needs no other authority than the statute itself, Section 5516, Vol. 3, Code of 1922:

"No action shall be brought * * * upon any contract or sale of lands, tenements or hereditaments, or interest in or concerning them * * * unless the agreement upon which · such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith."

The second proposition is too well settled to require the citation of authorities.

The third proposition requires some elaboration. The party aggrieved by the breach of a contract relating to the acquisition by him of an interest in real estate has certain remedies both in law and in equity:

In equity (a) he may stand upon his contract and bring an action for its specific performance; or (b) he may abandon the contract for good cause, demand a rescission and a return of the value of the consideration paid by him.

At law (a) affirming the validity of the contract, he may sue for damages resulting from the other party's breach of the contract; or (b) he may sue for the value of the consideration paid by him.

In the case at bar, the plaintiff is not suing in equity, for the obvious reason that the testator conveyed the real estate in question to others, who are not parties

to this action, and evidently the plaintiff could not bring home to them notice of his alleged contract with the testator. He is not suing *at law* for the value of the consideration paid by him upon the alleged contract, but he is suing at law for damages as stated; so that the remedies (a) and (b) *in equity,* and the remedy (b) *at law* are eliminated, leaving for consideration the remedy (a) *at law.*

The case of *Davis v. Moore,* 9 Rich., 215, appears to be directly in point. It was an action for damages for the breach of an oral contract to convey land, or in tort for misrepresentation. The Court said:

"The plaintiff's right to maintain the action in either form has been insisted upon. ' A parol contract for the sale of land is within the fourth section of the statute of frauds, and it would be but an evasion of this provision of the statute if damages may be recovered for the breach of such a contract. * * * It has been urged that the plaintiff's possession was in part performance of the contract, and that such a case is not embraced within the statute. Courts of equity have decreed the specific performance of a contract partly executed, but this is strictly an equitable doctrine, and we are not prepared to say that a party may recover damages for the breach of every contract which a Court of Equity would specifically enforce. * * * But where an agreement has been partly carried into execution the better opinion is that relief is limited to the Court of Equity."

In *Hillhouse v. Jennings,* 60 S. C., 373; 38 S. E., 599, the plaintiff had made a verbal contract with the defendant, to commence at a later date and to work for one year. Plaintiff commenced work, and was discharged in the following June. He sued, first, for $8.50 back wages due under the contract; and, second, for $126.66 damages for breaking the contract. After holding that a contract for services to commence in the future and continuing for one year is obnoxious to the statute the Court uses the following language:

"Then it is again suggested that plaintiff was at least entitled to right to go to the jury to recover $8.50, due under the contract, before his discharge on June 19, 1899. It should be recalled that plaintiff has elected to sue on a contract not enforceable—a contract obnoxious to the provisions contained in Section 4 of the statute against frauds and perjuries, and hence this position is not tenable. Then appellant suggests that the testimony offered by him should have been allowed. This was not error in the Circuit Judge, when he refused his permission to offer such testimony, for such testimony was in direct contradiction of the law, when the sole purpose for offering it was to sustain a verbal contract not to be performed during one year after its creation, as the cause of action set up by plaintiff. Nor will part performance of such contract relax the rule."

In the case of *Mendelsohn v. Banov,* 57 S. C., 147; 35 S. E,. 499, the plaintiff made a verbal contract to work for the defendant for one year to commence at a future date. The plaintiff quit work before the year was out, and the defendant held back a part of his wages. The plaintiff sued on a *quantum meruit.* The defendant, by answer, set up the verbal contract to hold back part of the salary as a forfeit if the plaintiff broke the contract. The plaintiff demurred, alleging the contract to be void under the statute. The Court sustained the demurrer and held that the contract being void under the statute, it could not be set up as a defense in this case. In that case there had been a part performance of the contract.

In 25 R. C. L., 691, it is said:

"The provision prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract. An action for damages for its breach is in effect one for its enforcement and cannot be maintained; and this is, as a general rule, held true, though there has been such a part performance by the plaintiff as would authorize a Court of equity to decree the specific

performance by the other party. So an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it."

At the same page it is said:

"The provision that no action shall be brought on a contract within the statute does not render the contract entirely void, but merely unenforceable. It is valid for all general purposes except sustaining an action at law for its breach or a suit in equity for its specific performance when the defense of the statute is properly taken"—citing a raft of supporting decisions.

In the case of *Trammell v. Trammell,* 11 Rich., 471, the plaintiff under a parol agreement with the defendant, erected a mill on the defendant's land. The defendant had agreed to reduce the license for the erection of the mill to writing, but later, having fallen out with the plaintiff, his brother, refused to do so. The plaintiff brought an action of "trespass on the case." Upon the trial on circuit, his Honor, Judge Wardlaw, granted a nonsuit upon the ground, as stated by him, "that the doctrines of part performance and compensation for expenses induced by parol license belonged to equity, and at law could give no title," holding that the parol license was within the statute of frauds. The order of nonsuit was sustained by the Supreme Court (at that time the "Court of Appeals at Law"), the opinion declaring: "We know of no form of action by which adequate redress can be afforded for such a wrong in a Court of Law."

The case of *Joyner v. Hoffman,* 59 S. C., 528; 38 S. E., 174, was one for specific performance of a parol contract relating to land, of course in equity, and lends no support to the plaintiff's action herein.

It is doubtless true that, where one has paid out money, or rendered services upon the faith of the performance by the other party, of his engagements under a parol contract relating to real estate, equity will compel the restoration of what has been paid or the value of the services rendered.

As is declared in 27 C. J., 359:

"Although part performance by one of the parties to a contract within the statute of frauds will not, at law, entitle such party to recover upon the contract itself, he may nevertheless recover for money paid by him or property delivered, or service rendered in accordance with, and upon the faith of, the contract. The law will raise an implied promise on the part of the other party to pay for what has been done in the way of part performance."

See, also, 27 C. J., 360. *Church v. Farrow,* 7 Rich. Eq., 378; 25 R. C. L., 693.

But it is one thing to enforce this rule and an entirely different thing to permit a recovery of damages for the breach of a parol contract obnoxious to the statute. The one is based upon an implied contract; the other upon an express. As is said in *Kean v. Landrum,* 72 S. C., 556; 52 S. E., 421:

"The restoration of the purchase money under the obligation of the quasi or imputed contract because no equivalent has been given, is a very different thing from the damages which the law exacts for breach of contract. The money paid under a contract is sometimes the true measure of damages for its breach, but it is not necessarily so."

It thus appearing that it is impossible to maintain an action at law for damages on account of the breach of a parol contract obnoxious to the statute, by virtue of alleged part performance of the contract, the evidence tending to establish the claim of the plaintiff to such part performance becomes entirely negligible; however convincing it may be and

however clearly referable exclusively to the parol contract,
it "availeth nothing." It is needless therefore to discuss
the question whether the evidence of part performance was
sufficient to have maintained an action for specific perform-
ance if the intestate had not conveyed the property to others.

It seems to us that the sole question for determina-
tion is whether the execution of the will of Novem-
ber 7, 1922, with the codicils dated May 17, 1923,
and June 29, 1923, constituted a sufficient "memorandum
or note,".in writing, to relieve the bar of the statute.

The case of *Turnipseed v. Sirrine,* 57 S. C., 559; 35 S.
E., 757; 76 Am. St. Rep., 580, was also a case in equity for
specific performance. The case is doubtful authority upon
the point that the execution of a will can be considered part
performance of a parol agreement to devise; it certainly
does not hold that it complies with the statute in the require-
ment of a memorandum or note in writing.

The case of *Fogle v. St. Michael Church,* 48 S. C., 86;
26 S. E., 99, was also a case in equity for specific perform-
ance. The action was sustained upon the ground that there
had been part performance of the contract. It is not con-
sidered that the execution of a will is to be deemed part
performance, much less a memorandum or note of the agree-
ment.

In *McKeegan v. O'Neill,* 22 S. C., 454, it is stated in the
circuit decree, which was affirmed by this Court, quoting
from Waterman, Spec. Perf.:

"According to this authority, the relief, when the alleged
promise is to make a will, is confined to the first class of
contracts: Legal contracts—where the minds of the con-
tracting parties meet upon the same terms: 'Where there
is an *intentional offer* on one side, and an *intentional ac-
ceptance on the other*'—deliberately entered into by the
decedent."

The making of a will pursuant to an agreement to devise
lands, is not a sufficient memorandum of the agreement,

where the testator afterwards made another will revoking the one relied on. Appeal of Moyer, 105 Pa., 432.

"A will in which testator devises property to his wife, as promised in an oral antenuptial agreement, but which makes no allusion to such agreement, is not a sufficient memorandum to take the agreement out of the operation of the Statute of Frauds." *Hunt v. Hunt,* 55 App. Div., 430; 66 N. Y. S., 957.

"An ordinary will devising land alleged to be pursuant to an oral agreement, but which makes no reference to the alleged agreement, and which is subject to revocation at any time before testator's decease, does not satisfy the requirements of the Statute of Frauds, as written memoranda." *Sorber v. Masters,* 264 Pa., 582; 107 A., 892.

The foregoing is from the syllabus of the case; the opinion declares:

"Again, while an alleged will of plaintiff, produced at the trial, shows two of the farms devised to her sons, the document makes no reference whatever to any special consideration for such devises, and shows no connection between these testamentary dispositions and the bargain, or contract, averred by defendants; it is an ordinary will, subject to be revoked at any time before testator's decease, which, as a written memorandum, fails to satisfy the requirements of the Statute of Frauds."

In *Wilson v. Gordon,* 73 S. C., 155; 53 S. E., 79, notwithstanding the fact that both wills were in evidence, the Court held that there was no evidence of an agreement to make mutual wills which necessarily must have preceded the execution of the wills; the fact of such execution, making no reference to a bilateral agreement, was not, therefore, evidence of it.

"Will not showing intent to devise pursuant to oral agreement was not memorandum, within statute." *Brought v. Howard* (Ariz.), 249 P., 76; 48 A. L. R., 1347.

In the opinion, the Court says:

"Jonathan R. Brought's will in favor of plaintiff does not on its' face purport to have been made in pursuance of any contract to make it. It merely indicates an intention to make a testamentary gift to the plaintiff. It is not a memorandum of any contract to will or devise. * * *

" 'The pre-eminent qualification of a memorandum under the Statute of Frauds is "that it must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties." 5 Browne, Stat. Frauds, § 371. Accordingly, it has been held in this State that an undelivered deed cannot be regarded as sufficient memorandum of an oral agreement for the sale of land therein described when the deed is silent as to the terms of the alleged agreement and merely conveys the land from one party to another. *Swain v. Burnette,* 89 Cal., 564, 570; 26 P., 1093. In other jurisdictions the same reasoning has been applied to a will, for some reason ineffective upon the death of the testator, which makes no mention of the terms of the contract in pursuance of which it is alleged to have been executed. *Allen v. Bromberg,* 163 Ala., 620; 50 So., 884. *McClanahan v. McClanahan,* 77 Wash., 138; 137 P., 479; Ann. Cas., 1915-A, 461. A potential factor in furtherance of fraud would be engendered were a will containing a simple bequest permitted to operate as evidence of a binding contract to make such a bequest. It must, therefore, be held that there is no written memorandum of the agreement here in suit." *Zellner v. Wassman,* 184 Cal., 80; 193 P., 84.

In *Allen v. Bromberg,* 163 Ala., 620; 50 So., 884, the syllabus is:

"'That parties make mutual wills does not show an agreement to do so, and the wills themselves cannot furnish any memoranda of the contract."

The opinion states:

"The fact that parties make mutual wills does not show that there was any agreement to do so [citing cases]. And, as said in the *Hale case, supra* [*Hale v. Hale*, 90 Va., 728; 19 S. E., 739], the wills themselves cannot furnish any memoranda of the contract. 'Neither alludes to any contract or refers to any other writing; and the established rule is that the memorandum of a contract for the sale of real estate, required by the statute, must show, either on its face or by reference to some other writing, the contract between the parties, so that it can be understood without having recourse to parol proof.' "

In *Edson v. Parsons*, 155 N. Y., 555; 50 N. E., 265, the Court said:

"A general maxim which equity recognizes is that a testator's will is ambulatory until his death. It is a disposition of property which neither can nor is supposed to take effect until after death. I think it needs no further argument to show that to attribute to a will the quality of revocability demands the most indisputable evidence of the agreement which is relied upon to change its ambulatory nature, and that presumptions will not, and should not, take the place of proof."

In the case of *In re Edwall's Estate*, 75 Wash., 391; 134 P., 1041, the Court said:

"We have seen that neither of the wills contained any written evidence whatever pointing to the making of such a contract. * * * We are of the opinion that these wills do not of themselves prove the making of any contract of mutuality on the part of the testator's, nor that one was made in consideration of the other. * * * So far as any written evidence such as is required by the Statute of Frauds shows, these are individual wills of the simplest possible character, and there is no competent written evidence in this record tending to show that they were made in pursuance of any contract between the respective testa-

tors which would in the least impair their power of revocation."

In *Hale v. Hale,* 90 Va., 728; 19 S. E., 739, the Court said:

"On the other hand, the appellant contends that the case is not within the statute, because the wills in question are sufficient memoranda of the agreement to satisfy the requisition of the statute. But can this view be maintained? We think not. An examination of the wills, which are exhibited with the bill, shows that each purports to be a mere will, and nothing else. Neither alludes to any contract, or refers to any other writing; and the established rule is that the memorandum of a contract for the sale of real estate, required by the statute, must show, either on its face or by reference to some other writing, the contract between the parties, so that it can be understood without having recourse to parol proof. Browne, Stat. Frauds, § 371; 2 Kent, Comm., 511. *Parkhurst v. Van Cortlandt,* 1 Johns. Ch., 273. *Williams v. Morris,* 95 U. S., 444 [24 L. Ed., 360]."

In *Williams v. Morris,* 95 U. S., 444; 24 L. Ed., 360, the Court said:

"Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute; and, if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute was intended to prevent. 2 Kent, Comm. (12th Ed.), 511. *Norris v. Lain,* 16 Johns. (N. Y.), 151. *Dung v. Perkins,* 52 N. Y., 494. *Baltzen v. Nickolay,* 53 N. Y., 467. *Wright v. Weeks,* 25 N. Y., 153. *Parkhurst v. Van Cortlandt,* 1 Johns. Ch. (N. Y.), 273."

In *Swain v. Burnette,* 89 Cal., 564; 26 P., 1093, the Court said:

"The appellant further insists that the deed signed by the defendant, Mrs. Burnette, although not operative as a conveyance because not delivered, may yet be regarded as a sufficient memorandum of the oral agreement within the meaning of Section 1624 of the Civil Code. We do not think so. It is unnecessary for us to determine, at this' time, whether a deed not delivered, nor intended by the party signing it as a memorandum, if otherwise sufficient, could be treated as a memorandum of an agreement for the sale of land, within the meaning of the statute, because there is nothing in the evidence to show that this writing, which lacked only delivery to constitute a deed, contained a memorandum of the terms of the agreement which plaintiff claims that he made with defendants in reference to an exchange of lands, and, unless it did, it would not satisfy the statute. It may' have been sufficient in form to have operated· when delivered as a conveyance, and yet have been entirely silent as to the agreement in pursuance of which it was made, and, therefore, insufficient as a memorandum of such agreement. *Campbell v. Thomas,* 42 Wis., 441 [24 Am. Rep., 427] ; *Cagger v. Lansing,* 43 N. Y., 553."

In *Ruff v. Hudspeth,* 122 S. C., 391; 115 S. E., 626; the Court said :

"The statute requires not only that the agreement, or 'some memorandum or note thereof,' shall be 'signed by the party to be charged,' etc., but that the memorandum or note shall be 'in writing.' That the memorandum so required to be in writing' must contain all the essential elements of a contract is too well settled in this and other jurisdictions to require the citation of authority."

There is nothing in the will of Jenkins which differentiates it from the ordinary will to which the element of revocability is always inherent; there is nothing to show that White was bound by the terms stated in the will. He was not obliged to accept the devise contained in the will,

with the conditions imposed, unless he had previously bound himself to be, of which the memorandum or note must have supplied some evidence to take it out of the general rule.   The will simply provides for a devise to White upon conditions named, which, so far as any written evidence shows, he was perfectly free to accept or decline. It is significant that, in three other similar devises in the will, specific reference is made to agreements between the testator and these several devisees.   For *some* reason it was omitted in the devise to White.

We think, therefore, that the plaintiff has not overcome the bar of the statute, either as to part performance, which is not available to him in an action at law for damages, or as to the required contract or memorandum or note thereof in writing.   His action must fail.

In pronouncing judgment, the Court is moved by this consideration:  In the quotation from 27 C. J., 359, above set forth, and now repeated, it is said:

"Although part performance by one of the parties to a contact within the Statute of Frauds will not, at law, entitle such party to recover upon the contract itself, he may nevertheless recover for money paid by him or property delivered, or service rendered in accordance with, and upon the faith of, the contract.   The law will raise an implied promise on the part of the other party to pay for what has been done in the way of part performance."

See, also, page 360.

If the plaintiff has sacrificed money, property, or services, in accordance with and upon the faith of a parol contract, it would be a hardship upon him not to be compensated therefor.   Remanding the case to the Circuit Court with direction to enter judgment in favor of the defendant under Rule 27 might preclude his recourse to such a cause of action.

We think that the ends of justice will be attained by reversing the judgment of the Circuit Court and remanding

the case to that Court with leave to the plaintiff to move for an amendment of his complaint as he may be advised, without prejudice to, and without intimating an opinion thereon, the right of the defendants to resist said motion upon the ground of election of remedies or otherwise. And it is so ordered.

MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.